**Sol KAYE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12725.**

United States Court of Appeals
Sixth Circuit.

June 14, 1956.

No attorney for appellant.

Fred W. Kaess, and Dwight K. Hamborsky, Detroit, Mich., for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Appellant entered a plea of guilty on February 2, 1951, to Counts 2, 3 and 4 of a four-count indictment charging theft from an interstate shipment in violation of Section 659, Title 18, U.S.Code. Due to the pendency of charges against three co-defendants which were not disposed of until April 22, 1952, sentence was not imposed at the time of the plea. A sentence of two years was ultimately imposed by the District Judge on January 23, 1953, without any request in the meantime from appellant that sentence be imposed without further delay.

The present appeal is from a denial by the District Judge to vacate the judgment of January 23, 1953. Section 2255, Title 28, U.S.Code.

The Court being of the opinion that appellant's contention that the sentence is void because of entrapment is not meritorious in view of his plea of guilty, United States v. Kaiser, 7 Cir., 138 F.2d 219, certiorari denied 320 U.S. 801, 64 S.Ct. 431, 88 L.Ed. 483; Bugg v. Hudspeth, 10 Cir., 113 F.2d 260; Russell v. United States, 4 Cir., 212 F.2d 87, certiorari denied 347 U.S. 1020, 74 S.Ct. 877, 98 L.Ed. 1141.

1. 28 U.S.C.A., Rule 52.

And that the lapse of time between the plea· and the sentence did not deprive the Court of jurisdiction to impose sentence at a later term of Court, Miller v. Aderhold, 288 U.S. 206, 53 S. Ct. 325, 77 L.Ed. 702; Ellerbrake v. King, 8 Cir., 116 F.2d 168, 170; Rule 45(c), Rules of Criminal Procedure, 18 U.S.C.

It is ordered that the judgment be affirmed.