UNITED STATES of America,
Appellee,

v.

Jerry GRABINA, Defendant-Appellant.

No. 85, Docket 26893.

United States Court of Appeals
Second Circuit.

Argued Sept. 26, 1961.

Decided Oct. 26, 1961.

Bella Dodd, New York City (Dodd, Cardiello & Blair, New York City, on the brief), for defendant-appellant.

David R. Hyde, Asst. U. S. Atty. Southern District of New York, New York City (Robert M. Morgenthau, U. S. Atty., and Sheldon H. Elsen, Asst. U. S. Atty. So. District of New York, New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Appellant was convicted on two counts, for unlawfully possessing counterfeit Federal Reserve Bank notes and conspiring to do so, 18 U.S.C. §§ 472 and 371. He was sentenced on the first count under 18 U.S.C. § 4208(a) (2) to a maximum term of imprisonment of 7½ years, time of parole eligibility to be determined by the Board. Sentence was suspended on the second count and appellant, a Canadian, was placed on probation for five years to follow release on the first count on condition he not re-

turn to the United States without the court's permission.

Testimony of two co-conspirators, Bell and Pangborn, if believed, established that Grabina, Bell and one Weston alias Kirkpatrick met at Bell's apartment in Montreal, being joined there by Pangborn, and that Weston suggested a purchase of $64,000 in counterfeit hundred dollar bills for $8,000. Unable to raise that much, Grabina through a telephone call arranged to halve the amounts. Later at a New York hotel Weston produced 320 $100 bills, which were divided, appellant Grabina taking about $7,000 in bills. Weston, Bell and Pangborn went to Philadelphia, where Bell and Pangborn were apprehended in the act of passing one of the counterfeit bills. They pleaded guilty in Philadelphia to the counterfeit charges, and Bell also to Dyer Act charges (interstate transportation of a stolen motor vehicle). Both were awaiting sentence at the time of Grabina's trial in New York, at which they testified for the United States.

Appellant stresses four grounds for reversal, excessive participation by the trial judge in the trial, failure to turn over pre-trial statements of Bell and Pangborn, misinformation to, and deception of the jury concerning the status of Bell and Pangborn, and the permitting of questioning concerning other unrelated crimes. We find no merit in any of these contentions.

Excessive participation by the trial judge, likely unduly to influence the jury in its deliberations to the prejudice of a defendant would be grounds for reversal. United States v. DeSisto, 2 Cir., 1961, 289 F.2d 833. We do not find excessive participation here. While the trial judge's questions, particularly of the defendant, were somewhat extensive, they appear to have been directed primarily to clarification of the testimony, and not likely to give the jury an impression of any belief on the part of the judge that Grabina was guilty, particularly in view of the admonitions of the charge. United States

v. Rosenberg, 2 Cir., 1952, 195 F.2d 583, 592–595, certiorari denied 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687; United States v. DeFillo, 2 Cir., 1958, 257 F.2d 835, 839.

Government counsel furnished to defense counsel the Grand Jury testimony of Bell and Pangborn, and a statement given to the Secret Service by Pangborn. There was no representation that other statements did or did not exist. It is now contended that there were additional statements given at the time of the arrest in Philadelphia which should have been furnished. The short answer to this is that no request was made for the statements nor any motion under 18 U.S.C. § 3500, and there is no reason to suppose that any such statements would have been withheld if requested. There is no reversible error here.

The third point is based on the failure to reveal the pendency of the Dyer Act charges against Bell, and on a claim that the relatively light sentences later imposed on Bell and Pangborn conclusively contradict their testimony that the only promise made to them was that their cooperation would be brought to the attention of the sentencing court. Grabina was sentenced to a maximum of 7½ years, minimum indeterminate, Pangborn to one year and $200 fine, later reduced to three months, Bell to two years, later reduced to one year. There is no reason to suppose that Bell or the prosecution was intentionally concealing the pendency of the Dyer Act charge, in view of the revelation of the serious co-pending charges. Nor do the later sentences indicate that they were pursuant to any promise. Particularly in view of the many possible legitimate bases for the disparity in the sentences, such variance gives no support whatever to the claim of perjury or deception of the jury.

The claim as to testimony of other crimes borders on the frivolous. Defendant testified on direct examination by his own counsel as to his crim-

inal record, and some corrections were made on cross examination. Agent Wong, called by the defense, testified only in response to direct questions by defense counsel, as to defendant's arrest and release on bail on state charges. Having elicited the information, defendant may not now find ground for error in its admission.

The judgment of conviction is affirmed.