**UNITED STATES of America,**
**Appellee,**

v.

**Jerry GRABINA, Appellant.**

**No. 155, Docket 27787.**

United States Court of Appeals
Second Circuit.

Argued Oct. 26, 1962.

Decided Nov. 13, 1962.

Irving Younger, New York City, for appellant.

John W. Mills, Asst. U. S. Atty. (Vincent L. Broderick, U. S. Atty., and Sheldon H. Elsen, Asst. U. S. Atty., on the brief), for appellee.

Before LUMBARD, Chief Judge, and SWAN and MOORE, Circuit Judges.

SWAN, Circuit Judge.

On May 10, 1960, appellant was convicted after trial before Judge Bicks and a jury.[1] His conviction was affirmed on October 26, 1961, United States v. Grabina, 2 Cir., 295 F.2d 792. The present appeals concern only questions of sentencing. Four sentences have been successively imposed upon appellant, and he has been imprisoned thereunder since the date of his conviction. In the present appeals he contends that each of the four sentences was invalid, and that imposition of a valid sentence after such long delay would be so oppressive that he should be released from further incarceration.

The first sentence was imposed by Judge Bicks on May 10, 1960, pursuant to 18 U.S.C.A. § 4208(b).[2] It committed

1. The indictment contained two counts, one charging possession and concealment of counterfeit Federal Reserve Bank notes, contra 18 U.S.C.A. § 472, the other conspiracy so to do, contra 18 U.S.C.A. § 371.

2. Section 4208(b): "If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (c) hereof. The results of such study, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the disposition of the case, shall be furnished to the court within three months unless the court grants time, not to exceed an additional three months, for further study. After receiving such reports and recommendations, the court may in its discretion: (1) Place the prisoner on probation as authorized by section 3651 of this title, or (2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law. The term of the sentence shall run from date of original commitment under this section."

Grabina to the custody of the Attorney General for imprisonment "on counts 1 and 2 pursuant to Section 4208(b) of Title 18, U.S.Code, for study, report and recommendations as described in Section 4208(c)." This was a commitment for the maximum term of 15 years subject to reduction after receipt by the court of the report and recommendations. On November 9, 1960 Judge Bicks "altered" the term of imprisonment to 7½ years on count 1, suspended imposition of sentence on count 2, and placed the defendant on unsupervised probation on count 2 for a term of 5 years to commence when incarceration under count 1 shall have expired.

■ The sentence of November 9, 1960 was invalid because Grabina was not present when it was imposed and was not afforded allocution as required by Rules 32(a) and 43 of the Federal Rules of Criminal Procedure. See Green v. United States, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670. This defect was not presented on Grabina's appeal from conviction, which this court affirmed. It was raised, however, by a motion for rehearing presented by Grabina, acting *pro se,* on November 15, 1961. The motion was denied without opinion. He then sought and obtained a writ of certiorari. On April 16, 1962, the Supreme Court vacated the judgment and remanded the case to the District Court for resentencing. Grabina v. United States, 369 U.S. 426, 82 S.Ct. 880, 8 L.Ed.2d 7.

On May 24, 1962 Grabina was brought before Judge Bicks, was afforded allocution and was sentenced to 5 years imprisonment from May 10, 1960 on count 1 of the indictment. The imposition of sentence on count 2 was suspended, and the defendant was placed on probation on count 2 on the same terms as in the order of November 9, 1960. An appeal taken from the order of May 24, 1962 was perfected by filing the record in this

court on July 3. This is the first of the three consolidated appeals before us.

On June 1, 1962 Grabina moved for his release from custody, claiming that the sentence of May 24, 1962 was illegal and had been unreasonably delayed. The motion was referred to Judge Ryan who made an order purporting to vacate all prior sentences and to impose a sentence of 18 months imprisonment to commence on July 16, 1962. The order was entered July 24, and an appeal was taken. This is the second of the consolidated appeals.

On July 27, 1962 Grabina petitioned the District Court for a writ of habeas corpus to obtain his discharge from further custody. This was denied by Judge Ryan on August 7, 1962. The appeal from this order is also before us.

■■ Appellant argues, and the Government's brief concedes, that Judge Ryan's order entered on July 24, is invalid. It obviously is. Before it was made, the appeal from the order of May 24, the third sentence, had been perfected. Consequently the District Court lacked power to change the third sentence. Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204; United States v. Habib, 2 Cir., 72 F.2d 271. Consequently the order of July 24 must be reversed. It was a nullity and left the sentence of May 24 in effect, if valid. We hold it is valid.

Appellant's attack upon that sentence is highly technical. The order adjudged that the period of imprisonment imposed on May 10, 1960 be "altered." Appellant argues that because the Supreme Court on April 10, 1962 vacated the judgment and remanded for resentencing, there was no sentence extant which could be "altered." This appears to be a mere play upon words.[3] Judge Bicks' order of May 24, 1962 demonstrates his awareness of and compliance with the mandate of the Supreme Court. He reduced the sentence on count 1 to 5 years, suspended

3. It may be noted that the sentence of November 9, 1960 used the word "altered" in ■ reducing the first sentence imposed on May 10, 1960.

the sentence on count 2 and left the provisions the same as they were in the order of November 9, 1960. In short, the order of May 24 was a resentencing as ordered by the Supreme Court.

█ The argument that appellant is entitled to be released from further incarceration relies in part on the Sixth Amendment: "In all criminal prosecutions, the accused shall enjoy the right to a speedy * * * trial"; on Rule 32(a) Federal Rules of Criminal Procedure: "Sentence shall be imposed without unreasonable delay * . * * "; and on Pollard v. United States, 352 U.S. 354, 361–362, 77 S.Ct. 481, 1 L.Ed.2d 393. However, appellant rightly recognizes that passage of time alone may not bar imposition of sentence or require a defendant's discharge.[4] He recognizes also that the Pollard decision teaches "that the delay must partake of the purposeful and oppressive, or even smack of deliberate obstruction on the part of the Government, before relief will be granted."[5] He then proceeds to argue that the circumstances at bar are evidence of purposefulness and oppression by the Government. The argument is completely unpersuasive. It is from Grabina's petition for rehearing on November 15, 1961 that the prosecution's "purposeful" delays are alleged to have begun. Not until April 16, 1962 did the Supreme Court vacate the judgment and remand for resentencing. Its mandate was not filed until May 9, 1962 and the third sentence was entered on May 24. Finally it is contended that the imposition of the fourth sentence by Judge Ryan on July 24, 1962 placed Grabina twice in jeopardy for the same offense contra to the Fifth Amendment to the Constitution. Since appellant himself has contended that the court lacked jurisdiction to impose the fourth sentence and we have agreed with him we fail to grasp the argument that a void sentence can place him in jeopardy. See Hayes v. United States, 102 U.S.App.D.C. 1, 249 F.2d 516.

Order of May 24, 1962 affirmed; order of July 24, 1962 reversed; order of August 7, 1962 affirmed.

---

4. See Mr. Justice Black's statement in Bozza v. United States, 330 U.S. 160, 166–167, 67 S.Ct. 645, 649, 91 L.Ed. 818: "This Court has rejected the 'doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence.' [citation omitted] The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner".

5. The quotation is from page 11 of appellant's brief.