**James J. WELSH, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 16088.**

United States Court of Appeals
Sixth Circuit.

July 26, 1965.

886

James J. Welsh, in pro. per.

Joseph P. Kinneary, U. S. Atty., Bradley Hummel, Asst. U. S. Atty., Columbus, Ohio, for appellee.

Before WEICK, Chief Judge, and MILLER and EDWARDS, Circuit Judges.

PER CURIAM.

On June 7, 1960, the defendant, James J. Welsh, being represented by court-appointed counsel, entered a plea of guilty to five counts of a criminal information charging him with the unlawful possession, forging and uttering of stolen Treasury checks. On June 28, 1960, the defendant entered a plea of guilty to an indictment charging him with attempting to escape from federal custody.

Defendant was not sentenced at the times the pleas were entered. He remained in custody and testified for the Government against his co-defendants in the indictment charging the attempt to escape from federal custody.

On October 26, 1960, defendant appeared in court in person and by counsel, at which time imposition of sentence was suspended and he was placed on probation for a period of five years in each case.

On December 27, 1960, a petition for revocation of defendant's probation was filed. At a hearing on March 30, 1961, the defendant admitted that he had violated his probation. The District Judge so found and entered an order that day in each case revoking the probation and imposing sentences of five years in the case involving the stolen Federal Treasury checks and two years in the case of attempting to escape from federal custody, all sentences to run concurrently. He was not represented by an attorney at the hearing on December 27, 1960, when probation was revoked and the sentences were imposed, and he made no request for the appointment of counsel.

On June 5, 1964, defendant filed the present motion to vacate the sentences under the provisions of Section 2255, Title 28, United States Code. The District Judge denied the motion without a hearing. This appeal followed.

Appellant contends the sentences are void in that they violated the provisions of Rule 32, Rules of Criminal Procedure, which provides, "Sentence shall be imposed without unreasonable delay."

It is well settled that passage of time alone will not bar imposition of sentence or require a defendant's discharge. But the delay must not be pur-

poseful or oppressive. United States v. Grabina, 309 F.2d 783, 786, C.A. 2nd, cert. denied, 374 U.S. 836, 83 S.Ct. 1885, 10 L.Ed.2d 1057; Lott v. United States, 309 F.2d 115, 122, C.A. 5th, cert. denied, 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 498. See: Kaye v. United States, 235 F.2d 187, C.A. 6th. Whether the delay amounts to a deprivation of a defendant's right to a speedy trial under the Sixth Amendment or violates the due process clause of the Constitution depends upon the circumstances. Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393.

■■■ We find no unreasonable delay in the present case. The record plainly indicates that the appellant was not sentenced at the times of his pleas because it was expected that he would testify for the Government later against the co-defendants in the case involving the attempt to escape from federal custody, that he did so testify and aided the Government considerably, and that leniency was thereafter recommended by the District Attorney's office. Appellant was represented by an attorney until the granting of probation. The record shows no request by either the appellant or his attorney at any time that appellant be sentenced without further delay. As was said by the Court in Lott v. United States, supra, 309 F.2d 115, 122, C.A. 5th, cert. denied, 371 U.S. 950, 83 S.Ct. 504, "Appellate courts must assume, in the absence of anything in the record to the contrary, that delay in pronouncing sentence was for a lawful purpose in the orderly process of handling the case."

■ Petitioner also contends that he was deprived of his constitutional right to assistance of counsel at the hearing when probation was revoked. In addition to the fact that petitioner made no request for counsel at that hearing, the constitutional right to the assistance of counsel in the defense of a criminal prosecution, given by the Sixth Amendment, does not apply to a hearing on a motion to revoke probation. Bennett v. United States, 158 F.2d 412, 415, C.A. 8th, cert. denied, 331 U.S. 822, 67 S.Ct. 1302, 91 L.Ed. 1838; Gillespie v. Hunter, 159 F. 2d 410, 411, C.A. 10th; United States v. Huggins, 184 F.2d 866, 868, C.A. 7th; Crowe v. United States, 175 F.2d 799, 801, C.A. 4th, cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586, rehearing denied, 339 U.S. 916, 70 S.Ct. 559, 94 L. Ed. 1341; Richardson v. United States, 199 F.2d 333, 335, C.A. 10th; Cupp v. Byington, 179 F.Supp. 669, 670, S.D.Ind. See: Gilpin v. United States, 265 F.2d 203, and cases cited at p. 204, C.A. 6th; Barker v. State of Ohio, 330 F.2d 594, and cases cited, C.A. 6th.

Judgment affirmed.