**UNITED STATES of America,
Appellee,**

v.

**Arthur TORTORELLO, Appellant.**

**No. 250, Docket 31730.**

United States Court of Appeals
Second Circuit.

Argued Jan. 5, 1968.

Decided March 14, 1968.

Irving Younger, New York City, for appellant.

Frederick F. Greenman, Jr., Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, John R. Wing, Asst. U. S. Atty., of counsel), for appellee.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM:

In an indictment filed July 14, 1964, appellant and 17 co-defendants were charged with illegal sale and delivery of unregistered stock, fraud in connection with the sales, and conspiracy to commit those acts, in violation of 15 U.S.C. §§ 77e(a), 77q(a) and 77x, and 18 U.S.C. § 371.[1] Appellant was named in one conspiracy count and eleven substantive counts of the indictment.

On September 14, 1964, without any prior discussion with the government, appellant pleaded guilty to the conspiracy count and requested immediate sentencing. The case was adjourned until September 24, 1964, for sentencing. At the sentencing hearing, the trial judge granted the government's request that sentencing be delayed until after the trial of the other counts and the other defendants. The government now contends that at that time it fully intended to try appellant on the remaining open counts although, in fact, he has never been brought to trial on those counts and they have apparently been dropped.

After much delay, the trial of the defendants who did not plead guilty was concluded on January 31, 1967. Sentences of all defendants, including appellant, were imposed on March 8, 1967. Appellant was sentenced to one year's imprisonment, of which eleven months were suspended, with a two-year period of probation.

■ On this appeal appellant complains of the delay between plea and sentencing. He recognizes that because he pleaded guilty, it would not be ap-

---

1. This court already has heard an appeal by two of the other defendants, Schwenoha and Suess, and affirmed their convictions. United States v. Schwenoha, 383 F.2d 395 (2d Cir. 1967).

propriate to remedy the delayed sentence by dismissing the indictment. The Supreme Court has rejected the "doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether, because the court committed error in passing the sentence." In re Bonner, 151 U.S. 242, 260, 14 S.Ct. 323, 327, 38 L.Ed. 149 (1894). Cf., Bozza v. United States, 330 U.S. 160, 166, 67 S.Ct. 645, 91 L.Ed. 818 (1947). Instead he asks this court to hold that, when a sentence is unreasonably delayed, the court loses the power to impose a prison term. Since we hold that under the circumstances of this case, the lengthy delay was not unreasonable, we find it unnecessary to consider the appropriateness of this novel remedy which appellant suggests.

Rule 32(a) of the Federal Rules of Criminal Procedure provides that "Sentence shall be imposed without unreasonable delay." The Sixth Amendment's guarantee to a "speedy trial" has also been assumed to apply to the imposition of sentence. Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed. 2d 393 (1954).

■ Treating this appeal as we would a speedy trial case, we note that this court has laid down an appropriate test:

"Four factors are relevant to a consideration of whether denial of a speedy trial assumes due process proportions: the length of delay, the reason for the delay, the prejudice to defendant, and waiver by the defendant." United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (2d Cir. 1963).

See also United States v. Simmons, 338 F.2d 804 (2d Cir. 1964), cert. denied, 380 U.S. 983, 85 S.Ct. 1352, 14 L.Ed.2d 276 (1965).

■ Appellant claims that he was prejudiced in that in September of 1964, when he demanded to be sentenced, he was serving another federal sentence. He now speculates that had sentence been promptly imposed, there might have been a chance that all or part of it would have run concurrently with the other sentence. Hence, he argues, because of the delay, he has been denied this possible benefit.

Judge Sugarman was justified in granting the government's motion of September 24, 1964, to delay sentencing on the ground that "No judge should be called upon to sentence a man in a complex situation of this kind on a one-count plea when there are four or five counts that he has to go to trial [on]," since the judge could not have anticipated either the length of the delay or the fact that the government would not proceed on the remaining charges against appellant. While we now know that this delay was in fact unnecessary, we have no reason to believe that the government did not act diligently and in good faith in not deciding until the time of the trial of his co-conspirators not to press the remaining counts against appellant. Under these circumstances we see no reason to deprive the district court of its power to impose a prison sentence upon appellant.

Judgment affirmed.