**Forrest BROOKS, Jr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19965.**

United States Court of Appeals,
Eighth Circuit.

April 8, 1970.

Forrest Brooks, Jr., filed brief pro se.

Bert C. Hurn, U. S. Atty., Kansas City, Mo., and Frederick O. Griffin, Jr., Asst. U. S. Atty., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and LAY, Circuit Judges.

LAY, Circuit Judge.

Petitioner appeals from a dismissal of his motion to vacate his sentence under the Dyer Act, 18 U.S.C. § 2312. He alleges that he has been deprived of his Sixth Amendment right to a speedy trial by reason of "an unreasonable" delay from the time of his guilty plea to the time of his sentence. We affirm.

The facts may be briefly summarized.

On October 19, 1962, petitioner, Forrest Brooks, appeared with counsel in the United States District Court for the Western District of Missouri and entered a plea of guilty to an information charging him with interstate transporta-

tion of a stolen vehicle. Sentencing was scheduled for January 23, 1963. Brooks was released on $1,000 bond pending a pre-sentence investigation. While on bond he was arrested and charged with first degree murder and confined in the Audrain County, Missouri, jail. Because of his state incarceration, Brooks did not appear on January 23, 1963, in the federal district court for sentencing. The district court was informed of the state proceedings and thereupon deferred sentencing until the completion of the state proceedings. On June 19, 1963, the petitioner was found guilty of murder in the state court and was sentenced to life imprisonment in the Missouri State Penitentiary. On September 4, 1963, a writ of habeas corpus *ad prosequendum* was issued by the federal district court. On September 6, 1963, after appearing with counsel, petitioner was sentenced by the federal district court to a term of four years for the Dyer Act violation. This sentence was ordered to be served consecutively to the life sentence he was then serving in the state penitentiary. Petitioner thereafter sought to have his federal sentence vacated on the ground that the delayed federal sentence has prejudiced his rights and privileges as a state prisoner.

Brooks alleges that by reason of a delay in sentencing, the federal court was given an opportunity to order a sentence consecutive to the state sentence. He argues that this opportunity occurred only because his federal sentencing had

been delayed. The effect of such sentence, according to the petitioner, is to deprive him of benefits generally granted to other state prisoners, most particularly that of a transfer to an outside prison camp.[1]

In Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), the Supreme Court assumed without deciding that an unreasonable delay from the time of conviction to the time of sentence might be a part of the trial for the purposes of the Sixth Amendment. Since the *Pollard* case, several other decisions have assumed that a right to a speedy trial includes the right to be sentenced without an unreasonable delay. See United States v. Tortorello, 391 F.2d 587 (2 Cir. 1968); Welsh v. United States, 348 F.2d 885 (6 Cir. 1965); United States v. Grabina, 309 F.2d 783 (2 Cir. 1962); Lott v. United States, 309 F.2d 115 (5 Cir. 1962).[2]

█ It is unnecessary for us to make a decision at this time as to whether an unreasonable delay in sentencing constitutes an infringement of a jurisdictional or constitutional right. We hold that there has not been, under constitutional standards, any "purposeful" or "oppressive" delay in this particular case. Pollard v. United States, supra; Hodgdon v. United States, 365 F.2d 679 (8 Cir. 1966); Welsh v. United States, supra.

█ Whether there has been an unreasonable delay of a speedy trial generally may be tested by (1) the interval of

---

1. Compare Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), where the Supreme Court found a delay of eight years in the holding of a trial to be a denial of a defendant's right to a speedy trial, the delay being due to imprisonment in another jurisdiction. The Court there recognized that the delay in bringing a person to trial on pending charges might prejudice him in regard to his treatment while serving the other sentence, such as the granting of a parole. But in that case the Court also recognized there was possible prejudice in the oppressive effect of the long delay, the difficulty of providing an adequate defense after the delay of several years, and the

possibility that the defendant, if tried, might receive a sentence at least partially concurrent. In addition, the Court emphasized that there was a constitutional duty to bring such a defendant to trial upon petitioner's demand. The Court referred the matter back to the state court to proceed in light of their holding.

2. Fed.R.Crim.P. 32(a) requires that federal courts impose sentencing without unreasonable delay. However, to proceed along this ground would raise the additional question of whether a violation of Fed.R.Crim.P. 32(a) constitutes a jurisdictional defect so as to allow a collateral attack. Cf. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

the delay involved, (2) the reason or cause for the delay, (3) whether the right of "speedy trial" has been waived by the accused and (4) the actual prejudice incurred by the defendant. Cf. Beavers v. Haubert, 198 U.S. 77, 25 S. Ct. 573, 49 L.Ed. 950 (1905); United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Von Feldt v. United States, 407 F.2d 95 (8 Cir. 1969); Barnes v. United States, 347 F. 2d 925 (8 Cir. 1965).

■■ In the instant case, the actual delay in the sentencing for the federal charges was from January 23, 1963, (the date originally set) to September 6, 1963, that is, approximately seven and one-half months. Even if one were to consider the delay to extend from October 19, 1962, to the date of actual sentence,[3] a little over ten months, this interval of time is much less than that found in many cases which have turned away similar Sixth Amendment claims.[4] We are again reminded that the essential ingredient of the Sixth Amendment right to a speedy trial is "orderly expedition and not mere speed." Smith v. United States, 360 U.S. 1, 10, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041 (1959).

■ The reason for the further delay in the federal sentencing under the Dyer Act conviction cannot be attacked as being arbitrary or unreasonable. First, it is obvious that neither the court nor the government were in any way responsible for the defendant's incarceration at the time set for his original sentencing, that is, January 23, 1963. The decision by the federal district court to abate sentencing until such time as the state proceedings were completed was not unusual or prejudicial in itself. There have been many instances where courts have postponed sentencing until after the completion of another trial on separate charges or the same trial but on other counts. Cf. United States v. Tortorello, supra; United States v. Pruitt, 341 F.2d 700 (4 Cir. 1965); Treakle v. United States, 327 F.2d 82 (9 Cir. 1964); Kaye v. United States, supra; Pope v. Huff, 79 U.S.App.D.C. 18, 141 F.2d 727 (1944). As was recognized in United States v. Williams, 407 F.2d 940, 946 (4 Cir. 1969): "In the administration of criminal justice in a federal system, courts of all jurisdictions frequently give way and defer to the court having custody of the offender." Furthermore, the sensitive concerns which sur-

---

3. The time interval to conduct a presentence investigation up to January 23, 1963, is reasonable on its face. Such delay is recognized as being necessary and is not violative of any right under the federal rules. Cf. 8A Moore, Federal Practice ¶ 32.02 [2] (2d ed. 1969).

4. See, e. g. Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). (Delay between sentence and conviction of approximately 24 months; defendant pleaded guilty to charge of embezzlement of a U. S. Treasury check, and was placed on probation while he was absent from the court; two years later this sentence was found to be invalid due to his absence and he was then given a new sentence.) United States v. Tortorello, 391 F.2d 587 (2 Cir. 1968). (Delay between sentence and conviction of approximately 29 months; defendant and 17 others were charged with the illegal sale and delivery of unregistered stock; defendant pleaded guilty to the conspiracy count and not guilty to the oth-

er counts; sentencing was delayed until trial of the other defendants was completed, even though defendant was never brought to trial on the other charges against him.) Bolduc v. United States, 363 F.2d 832 (5 Cir. 1966). (Delay between sentence and conviction of over 12 months; defendant was charged and convicted under the federal bank robbery statute, but was not present at the time he was sentenced; the sentence was therefore vacated and he had been resentenced.) United States v. Grabina, 309 F.2d 783 (2 Cir. 1962). (Delay between sentence and conviction of 24 months; defendant was sentenced and then the sentence was later altered when he was absent; this sentence was vacated and he had been resentenced.) Kaye v. United States, 235 F.2d 187 (6 Cir. 1956). (Delay between sentence and conviction of over 23 months; the defendant entered a plea of guilty to a charge of theft from an interstate shipment; sentencing was delayed until charges pending against three co-defendants were tried.)

round the necessity of a speedy trial on the merits of a case generally are not applicable when the delay is between conviction and sentencing. There exists here no concern over "oppressive incarceration" before trial, "anxiety" over public accusation before trial, or any "impairment" over the petitioner's ability to defend himself. Cf. Smith v. Hooey, supra; United States v. Ewell, supra.

It is likewise significant, although not by itself determinative, that at no point between his conviction on the Dyer Act and his sentence did either Brooks or his counsel request that he be sentenced before the completion of his state trial. See Von Feldt v. United States, supra; Mack v. United States, 326 F.2d 481 (8 Cir. 1964); Wilkins v. United States, 129 U.S.App.D.C. 397, 395 F.2d 620 (1968); cf. Smith v. Hooey, supra. See also Hodges v. United States, 408 F.2d 543 (8 Cir. 1969).

■■ We turn then to petitioner's claim of prejudice. He argues the federal sentence could not have been made consecutive to the state sentence had he been timely sentenced in the federal court. He claims the federal detainer now prejudices his rights as a state prisoner. We are not prepared to hold that such circumstance, even if proven, justifies a finding of a denial of "speedy trial." There is no showing that the delay here was purposefully brought about to create any oppressive circumstance. There is no assertion that the government acted deliberately to prejudice the defendant. It seems reasonable to say

that under these circumstances, before there can be a "purposeful" and "oppressive" delay, there should be required some showing of relationship between the reason for the delay and the prejudice claimed. Here none exists.

Judgment affirmed.[5]

---

5. Assuming this court would find constitutional error in the delay between sentencing and conviction, there remains a serious doubt if petitioner would gain any relief. Correction of the alleged error would not result in upsetting the conviction and the most petitioner could gain is resentencing in the district court. Pollard v. United States, 352 U.S. at 362, 77 S.Ct. 481. See United States v. Tortorello, 391 F.2d at 589; United States v. Grabina, 309 F.2d at 786. But see 8A Moore, supra at ¶ 32.02 [3], 32-17–32-18. Unless the conviction could be overturned, it would still re-

main for a federal district court to determine within its sole discretion whether the petitioner's sentence should run consecutively or concurrently with the state sentence. Truesdell v. United States, 400 F.2d 859 (8 Cir. 1968); Pegram v. United States, 361 F.2d 820 (8 Cir. 1966). Of course, a concurrent sentence under these circumstances can only serve as a recommendation since only the Attorney General is given a right to designate where a sentence shall be served. See Hash v. Henderson, 385 F.2d 475 (8 Cir. 1967).