STATE of Missouri, Respondent,

v.

Stephen Greg HASLIP, Appellant.

No. 10623.

Missouri Court of Appeals,
Southern District,
Division One.

June 4, 1979.

Motion for Rehearing or to Transfer to
Supreme Court Denied June 27, 1979.

Application to Transfer Denied
July 17, 1979.

John D. Ashcroft, Atty. Gen., Neil MacFarlane, Steven D. Steinhilber, Asst. Attys. Gen., Jefferson City, for respondent.

Ralph E. Baird, Joplin, for appellant; Douglas Hamilton, Joplin, of counsel.

TITUS, Judge.

Charged under the Second Offender Act (§ 556.280)[1] with first degree murder (§ 559.010), defendant was jury convicted thereof. Presumably because defendant and his trial attorney became estranged after the verdict was rendered and, as defend-

---

1. References to statutes and rules are to Missouri Revised Statutes, 1969, V.A.M.S., and to Missouri Supreme Court Rules, V.A.M.R.

ant said, "he don't work for me no more," no motion for a new trial was filed. Also, before allocution was afforded, judgment rendered and sentence pronounced (Rule 27.09), the trial judge went out of office and defendant acquired new counsel. A special judge was assigned "to perform the duties to be performed by the court under these rules after a verdict is returned." Rule 79.01; cf. *State v. Hopkins*, 573 S.W.2d 744, 745 (Mo.App.1978). Upon affording allocution, the special judge sentenced defendant to life imprisonment as mandated by § 559.030. Defendant appealed.

Since no motion for a new trial was filed, our review of grounds asserted by defendant on appeal should be limited to consideration of plain errors affecting substantial rights. Rule 27.20(c); *State v. Collett*, 542 S.W.2d 783, 785[1] (Mo. banc 1976). Of course, as defendant complains in one of his points relied on, if the state failed to make a submissible case, then plain error resulted. *State v. Covington*, 559 S.W.2d 78, 79[1] (Mo.App.1977). Therefore, we will review that point premised upon appellate rules that the evidence is to be viewed in the light most favorable to the verdict [*State v. Hegwood*, 558 S.W.2d 378, 379[1] (Mo.App.1977)] and that the jury had leave to believe or disbelieve all, part or none of the testimony of any witness. *State v. Davis*, 556 S.W.2d 745, 747[2] (Mo.App. 1977).

The dead body of Lee Coquillette was found in his mobile home in Joplin near 2 a. m. May 17, 1974. Death was caused by a shotgun wound inflicted at close range. Outside the trailer was found a live .16 gauge shotgun shell and a .16 gauge shotgun containing a spent shell. The evidence indicated the shotgun had been fired through an opened jalousie window and screen while Coquillette was apparently in the process of watering houseplants. Albeit he could not make positive identification, a special F.B.I. agent who examined a plaster cast made of a boot print found outside the trailer, opined the print was most similar to one of defendant's boots which defendant had asked a friend to take

and "go swimming with them." Instead of disposing of the boots as directed, the recipient gave the boots to authorities who had comparisons made between them and the cast. The state, at the trial, produced a witness who asserted defendant had recounted that he had killed Coquillette with a shotgun while the victim was in his trailer watering plants. Another witness called by the state testified that in conversations overheard between defendant and one Bebee, defendant "said he shot [this man] with a shotgun." We rule this evidence was sufficient to submit defendant's innocence or guilt to the jury. Cf. *State v. Higdon*, 356 Mo. 1058, 1060, 204 S.W.2d 754, 755(1) [banc 1947]. (This covers point VII in defendant's brief).

Another point (Number I) advanced by defendant is that the "Court erred in pronouncing judgment and sentence upon the Appellant for the reason that the prosecution was barred by the 'Agreement on Detainers' (V.A.M.S. Section 222.160) in that the Appellant had been returned to the Federal custody prior to being tried in violation of Article IV, Paragraph 5, of the Agreement." Defendant's first three appearances in the Missouri courts were caused via writs of habeas corpus *ad prosequendum* while defendant was incarcerated in the Medical Center for Federal Prisoners in Springfield, Missouri; the last two such writs issued when defendant was imprisoned in the United States Penitentiary at Leavenworth, Kansas. In *State ex rel. Stanley v. Davis*, 569 S.W.2d 202, 210 (Mo. App.1978) it was held that the Agreement on Detainers "is not applicable to the situation where a federal prisoner in Missouri is transferred to a Missouri court for the limited purposes of arraignment, appearances or hearings and then returned to the federal facility in Missouri." But more to the point in this case where defendant's appearances in the Missouri courts were obtained through writs rather than detainers, is the pronouncement of the United States Supreme Court in *United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 1847, 56 L.Ed.2d 329 (1978): "We therefore conclude that [inter-

state transfers of prisoners via] a writ of habeas corpus *ad prosequendum* is not a detainer for purposes of the Agreement."

We summarily and gratuitously review defendant's other points relied on albeit they were not preserved because no motion for a new trial was filed. "VII. The evidence was insufficient to prove the guilt of the Appellant beyond a reasonable doubt. VIII. The Court abused its discretion in refusing Appellant's requested instruction on circumstantial evidence." Initially it is to be noted that these points, although we have previously decided point VII on its merits under the plain error rule, are written in utter disregard of the mandatory requirements of Rule 84.04(d) because they do not undertake to state "wherein and why" the evidence was insufficient to prove defendant's guilt beyond a reasonable doubt or "wherein and why" the court abused its discretion in refusing the proffered instruction. Moreover, it is to be seen that these points are stated sans citation of authority [*State v. Paige*, 550 S.W.2d 582, 584[4] (Mo. App.1977)], and while it has been decided "that Rule 84 does not *require* citation of authority in every instance, we emphasize that we do not thereby intend to modify the appellant's burden on appeal of demonstrating error by the court below. Thus, if the point advanced is not a matter of first impression and is not simply a matter of logic or policy or analysis of statutory or documentary language, . . ., the court on appeal need not search for precedential support to overrule the contention. If the point is one for which precedent is appropriate and available, it is the obligation of appellant to cite it if he expects to prevail." *Thummel v. King*, 570 S.W.2d 679, 687[13] (Mo. banc 1978). The two points do not present matters specified in the exceptions noted in *Thummel* and offer only conclusionary assertions for which appropriate precedent was surely available if they had merit. In the circumstances here, we decline to do defendant's briefing on appeal.

■ In defendant's point III he says the trial court erred in permitting a witness to testify concerning defendant's alleged but uncompleted preparations to escape from jail because it constituted evidence of a separate crime not connected to the crime for which defendant was being tried. The obvious difficulty with this point is that defendant did not object to the testimony at trial nor in a motion for a new trial. When such is the case, the alleged error is not preserved for appellate review and warrants no consideration when presented for the first time in defendant's brief on appeal. *State v. Wendell*, 542 S.W.2d 339, 342[5] (Mo.App.1976).

■ Point relied on numbered II in defendant's brief is to the effect that the trial court erred in not imposing upon the state sanctions for its failure to disclose a certain witness' written statement concerning defendant's admissions as required by Supreme Court Rules. As then written, Rule 25.31 stated: "Requests or motions for discovery shall be made not later than twenty days after arraignment . . . ." It is enough to observe that defendant was arraigned September 15, 1975, but did not request or move for discovery until more than 20 days after arraignment or on October 7, 1975. The motion was untimely and of no effect. Cf. *State v. Rains*, 537 S.W.2d 219, 221–222[1] (Mo.App.1976). While the state was not compelled to do so, it, nevertheless, disclosed the name of the witness and the nature of the witness' proposed testimony to defendant some 20 days before trial.

■ Under point IV defendant asserts his right to be discharged because he was denied a speedy trial. Sixth Amendment, Constitution of the United States; art. I, § 18(a), Constitution of Missouri. This is predicated upon the fact that defendant was jury-convicted in July 1976 but was not sentenced until February 1977, a period of some seven months. Although defendant summarily asserts the delay prejudiced "his ability to obtain post conviction [sic] relief," he does not undertake, in violation of Rule 84.04(d), to demonstrate "wherein and why" the delay was prejudicial. The following cases illustrate the indicated periods between the plea of guilty or conviction and

sentencing were not prejudicial to defendant nor violative to his Sixth Amendment rights. *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957)—24 months; *Brooks v. United States*, 423 F.2d 1149 (8th Cir. 1970)—10 months, cert. denied 400 U.S. 872, 91 S.Ct. 109, 27 L.Ed.2d 111; *United States v. Tortorello*, 391 F.2d 587 (2d Cir. 1968)—29 months; *Bolduc v. United States*, 363 F.2d 832 (5th Cir. 1966) —13 months; *United States v. Grabina*, 309 F.2d 783 (2d Cir. 1962)—24 months; *Kaye v. United States*, 235 F.2d 187 (6th Cir. 1956) —23 months; *State v. Brown*, 445 S.W.2d 647 (Mo.App.1969)—6 months. In the instant case there is no showing of prejudice to the defendant as a result of the delay because during that time defendant was confined in the United States Penitentiary at Leavenworth where he would have been incarcerated irrespective of whether his state sentencing had been more speedily imposed, and that whatever time defendant may have spent in Missouri jails because of the charged crime would be to his credit on final sentencing and would not be affected by the seven-month delay. § 546.615. In fine, we find no prejudice to the defendant because of the delay.

■ Defendant's point relied on numbered IX: "The Court erred in overruling defendant's Motion to Dismiss for Failure to Furnish a Speedy Trial in accordance with . . . Section 545.890." This statute concerns the discharge of a defendant after a specified number of court terms have passed. The answer to this is "that a defendant is not entitled to be released under the statutes in question . . . simply because the required number of terms have elapsed. In addition to that he must show that he has demanded a trial, and that such request was made without success for a reasonable length of time before his right to release has been asserted. Our ruling is based on the theory . . . that a defendant's failure to take affirmative action seeking a speedy trial constitutes a waiver of that right." *State v. Harper*, 473 S.W.2d 419, 424[3] (Mo. banc 1971). In this case, according to the transcript, the one and only time defendant

asserted his right to a speedy trial was three days before his trial actually began. The point is denied.

■ Point V complains, as already mentioned, that the court erred in sentencing defendant because the trial judge and the sentencing judge were not the same. However, as previously observed in *State v. Tettamble*, 450 S.W.2d 191, 193 (Mo.1970), "courts must continue despite death, resignation, illness, or expiration of term of a prior judge," and this is especially true where, as here, the trial judge's docket entries stated the punishment was life imprisonment and under the statute for which defendant was convicted, the only permissible punishment, as imposed by the sentencing judge, was life imprisonment. § 559.-030; *State v. Boothe*, 485 S.W.2d 11, 15[9] (Mo. banc 1972).

■ In defendant's point VI he claims the trial court erred in allowing the prosecuting attorney, in closing arguments, to assert that defendant's lawyer was employing "smoke" to cloud the issues and was, thereby, "committing improper acts." As written, the point preserves nothing for appellate review because it lacks disclosure as to "wherein and why" the term "smoke" clouded the issues, was prejudicial or indicated that defendant's counsel was employing improper tactics. *Speicher v. Dunn*, 530 S.W.2d 45, 46[1] (Mo.App.1975). Furthermore, defendant is in no position to now complain of the argument as he made no objection thereto at trial and did not file a motion for a new trial to save the issue. *State v. Sykes*, 559 S.W.2d 643, 645[2] (Mo. App.1977).

In his final point, numbered X, defendant says the trial court "abused its discretion in refusing to admit alibi testimony on behalf of Appellant through its [sic] witness, Darrell Sour, said refusal invoked as a sanction against Appellant for failure to comply with pretrial discovery procedures under V.A.M.R. Crim. Rule 25.34, particularly where the Court refused to sanction the State for violation of his rights to defend as guaranteed by the Constitution of the State

230

of Missouri, 1945, Article I, Section 18(a)." The reference to the trial court's refusal to sanction the state for nondisclosure of a witness has been discussed and disposed of in our consideration of defendant's point relied on number II, supra.

Our brief gratuitous consideration of this point requires a recitation of the following. On the day the original information was filed, the state served its "Request for Discovery and Disclosure of Material and Information" pursuant to Rules 25.31, 25.34, 25.36 and 25.37. Included in the request was an asking for defendant to disclose if he intended to rely upon the defense of alibi, etc., as provided by Rule 25.34(A)(5). At no time did defendant respond. Darrell Sour testified at the preliminary hearing as a defense witness but made no mention of an alibi. However, when Sour later appeared as a defense witness at trial in the circuit court, defendant's counsel, out of the jury's presence, elicited from Sour that defendant was in Sour's bar at the time Coquillette had been shot. Defense counsel represented he did not learn of the proposed alibi testimony until the morning of Sour's appearance as a witness and the state vowed it did not know of any such testimony until Sour took the stand. The trial court did not permit the alibi testimony to go before the jury.

While defendant in his point says the trial court's refusal to permit the alibi testimony violates his constitutional rights under Art. I, § 18(a) of the Missouri Constitution, "he does not enlarge upon this general claim, fails to suggest in what respect his constitutional rights have been infringed, and cites no authorities in support of his claim. It is not the duty or function of this Court to construct a constitutional defense for appellant." *State v. Cook*, 463 S.W.2d 863, 865[2, 3] (Mo.1971). In *State v. Cox*, 542 S.W.2d 40, 52 n. 19 (Mo.App.1976), it is observed that "[t]he weight of authority of the reported decisions supports the trial court's ruling precluding the defendant from testifying as to his location and the name of the witness for failure to comply with a notice-of-alibi rule." If a defendant,

as opposed to a witness, may be precluded from testifying regarding an undisclosed alibi, the trial court has equal discretion to prevent such testimony by a third party witness whose proposed alibi testimony remains undisclosed until he takes the witness stand.

Having found no error, plain or otherwise, the judgment is affirmed.

It is so ordered.

FLANIGAN, C. J., and KEET, CAMPBELL, BARKER and HENRY, Special Judges, concur.