This appeal, by an indigent, is from a judgment of conviction by the Mobile Circuit Court for forgery in the first degree. The appellant, who has a Ph.D. in economics, pleaded guilty to the charge. Prior to accepting the plea, the court made the necessary inquiries as required by Boykin v. Alabama,395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. In addition, the record shows that State's Exhibit A, which is a motion to enter a guilty plea, reflects the Boykin requisites.
After the guilty plea was entered, the court ordered a pre-sentencing investigation, and sentencing was postponed. The appellant had federal charges pending against him, and he surrendered himself to the federal authorities in Miami, Florida, before sentence could be imposed on him in Alabama.
The appellant was returned to Mobile in January, 1980, for a matter in federal court and, while there was brought to the Mobile Circuit Court for sentencing. In the Mobile Circuit Court, the appellant moved to withdraw his guilty plea and, also, filed a motion alleging his denial of a speedy trial. The motions were denied, and the appellant was sentenced to twelve years imprisonment to begin at the expiration of his federal sentence.
 I
The appellant's primary contention is that he was denied his right to a speedy trial as guaranteed by the Sixth Amendment of the United States Constitution. The facts are uncontroverted that the appellant had entered a plea of guilty and that the court had accepted the plea but had not sentenced him.
It is well settled that the passage of time alone will not bar imposition of a sentence or require an accused's discharge. In order to assert that speedy trial was denied, the delay must be purposeful or oppressive. United States v. Grabina, 2nd Cir., 309 F.2d 783. Whether the delay amounts to a deprivation of an accused's right to a speedy trial depends upon the circumstances of the particular case. Pollard v. United States,352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393.
As was pointed out in Barker v. Wingo, 407 U.S. 514,92 S.Ct. 2182, 33 L.Ed.2d 101, four factors must be considered in determining whether there has been a deprivation of the appellant's right to a speedy trial. Those factors are, (1) lengthy delay, (2) reason for delay, (3) assertion of the right, and, (4) prejudice.
The thirteen-month interval between judgment and sentencing was not a deliberate or an unjustifiable delay on the part of the State. The record indicates that the guilty plea was taken on August 2, 1978, and that sentencing had been delayed until August 8, 1978, for the purpose of obtaining a pre-sentencing investigation. However, at the insistence of the appellant, sentence was delayed until August 21, 1978.
From the record:
 "THE COURT: All right. The Court finds that you are alert, that you're intelligent, that you understand and appreciate the nature of the charges against you *Page 153 
and the consequences of pleading guilty. On your plea of guilty the Court now adjudges you to be guilty and orders that a presentence investigation be conducted and that this matter be set down on August the 8th at eight thirty a.m. for sentencing.
 "MR. GONAS: Judge, there are some other things that are pending presently with Mr. Noe not in this state. I think Your Honor is aware of them. When Your Honor is ready to sentence him we would like to have some information pertaining to that in front of, and what we would like is that Your Honor set this down for August the 15th rather than August the 8th to have time to let the mail take care of some matters that we think would be pertinent to your decision at sentencing, Your Honor.
 "THE COURT: Are these matters which you are going to secure and send to me?
"MR GONAS: Yes, sir.
 "THE COURT: In other words, you do not wish me to make any investigation as to
 "MR. GONAS: This will be added to the investigation Your Honor will have before you.
 "THE COURT: All right. We'll set the matter down for sentencing on Monday, August the 21st at eight thirty."
Under these circumstances, we do not believe the delay in the present case, was "purposeful or oppressive." United States v.Grabina, supra. The delay was originally occasioned by the appellant surrendering himself to the federal authorities in Miami, even though he was under court order to return for sentencing on August 21, 1978.
The appellant has not shown that he incurred any prejudice as a result of the delay, nor do the circumstances of this case lend themselves to a showing of "affirmative prejudice." SeeMoore v. Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183.
The State did not achieve or receive any advantage by this delay. The prisoner was incarcerated in a federal institution on federal charges and not awaiting trial in the State court. Appellant had his day in court and his guilt had already been established.
Although the appellant asserted his right to a speedy trial in a letter to the circuit clerk of Mobile County on December 18, 1978, we note this was approximately four months after he was supposed to appear in Mobile Circuit Court for sentencing.
Nowhere does it show that the court was influenced by any events that occurred in the interval between the prisoner's judgment of conviction and sentencing.
As the Supreme Court of the United States recognized in Bozzav. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818:
 "This Court has rejected the `doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence.' In re Bonner, supra, 151 U.S. at page 260, 14 S.Ct. at page 327, 38 L.Ed. 149. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner."
In summary, the appellant has not demonstrated that the delay was unreasonable and has not shown that he has been prejudiced. Under these circumstances, we see no reason for depriving the Mobile Circuit Court of its power to impose a prison sentence upon the appellant. Brady v. Superintendent, Anne ArundelCounty Detention Center, 4th Cir., 443 F.2d 1307; United Statesv. Tortorello, 2nd Cir., 391 F.2d 587; White v. Henderson, D.C., 467 F. Supp. 96. See also, United States v. James, 5th Cir., 459 F.2d 443 and Welsh v. United States, 6th Cir.,348 F.2d 885. See Scaloni v. State, Ala.Cr.App., 383 So.2d 586.
 II
Appellant asserts that the trial court committed reversible error when it did not permit him to withdraw his plea of guilty. This court in Boykin v. State, Ala.Cr.App.,361 So.2d 1158 stated that, if the defendant freely and voluntarily enters into a guilty plea, then it is not an abuse of discretion for the trial court to deny him the right to withdraw his plea of guilty. *Page 154 
We have reviewed the circumstances surrounding the appellant's guilty plea and have found that it was freely and voluntarily made. Under these circumstances, the trial court did not err when it denied the appellant's request to withdraw his plea of guilty.
We have examined the record and transcript of evidence in this case and have found no error prejudicial to the appellant; therefore, the judgment of conviction by the Mobile Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.