Lynwood Cosby Hurst pleaded guilty to, and was convicted of, third degree burglary in October of 1984. In March of 1987, he was sentenced to imprisonment for one year and one day. On this appeal from that conviction, he contends that the 28-month delay between his conviction and *Page 905 
sentencing violated his right to a speedy trial.
The record does not show how the federal government obtained custody of Hurst. In an unverified petition for a federal writ of habeas corpus, Hurst states that the state "released him to federal custody." The case action summary shows that two days after his arrest in May of 1983, Hurst was released on bond. At sentencing, Hurst received credit for two days' jail time. Hurst's state sentence was not to be served concurrently with his federal sentence.
Present Alabama law and practice provide no specific time limit for sentencing. In federal criminal cases, "Rule 32(a)(1) of the Federal Rules of Criminal Procedure limits the trial judge's discretion as to the time for sentencing, requiring that sentence be imposed without 'unreasonable delay.' " Annot., 52 A.L.R. Fed 477, 478 (1981).
In Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481,486, 1 L.Ed.2d 393 (1957), the United States Supreme Court assumed that sentencing is a part of the trial for purposes of the Sixth Amendment. In United States v. Howard, 577 F.2d 269,270 (5th Cir. 1978), the United States Court of Appeals for the Fifth Circuit stated, "The constitutionally guaranteed right to speedy trial applies to sentencing." In Lopez v. State,415 So.2d 1204, 1209-10 (Ala.Cr.App. 1982), and Noe v. State,391 So.2d 151, 152-53 (Ala.Cr.App. 1980), this Court recognized that principle.
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101 (1972), the Supreme Court enunciated a four-part balancing test for analyzing alleged deprivations of the right to speedy trial. Having ascertained that the constitutional guarantee to a speedy trial includes sentencing, we must now apply theBarker test in determining whether that right was violated.
The length of delay that we are concerned with in this case was 28 months. Because a presentence report is authorized by Rule 3, Temporary Alabama Rules of Criminal Procedure and was ordered, the delay began on December 18, 1984, when Hurst was originally scheduled for sentencing. Hurst was sentenced 28 months later. Although this delay is unusual, it does not, by itself, suggest prejudice. Howard, 577 F.2d at 271. "It is well settled that the passage of time alone will not bar imposition of a sentence or require an accused's discharge." Noe, 391 So.2d at 152; 98 A.L.R.3d at 615.
The reason for the delay was that Hurst was in federal custody facing other criminal charges. From the record before this Court, it cannot be determined whether or not the state was "negligent" in releasing Hurst back into federal custody before sentencing him, if, indeed, such a release occurred. The record does not reveal how Hurst came to be in federal custody after his state conviction and before sentencing. Additionally, the record does not show what efforts were made to return Hurst to state custody. At sentencing, the prosecutor stated, "The State has made numerous efforts to return this particular Defendant to the State for the purpose of sentencing him. However, the federal government is not required to honor these requests, and has done as of late only after numerous requests."
The significant events, set out in chronological order, are as follows:
June 7, 1983 Hurst arrested.
June 9, 1983 Hurst released on bond.
September 9, 1983 Indictment returned.
 October 30, 1984 Hurst pleaded guilty. Case continued to December 18, 1984, "pending presentence investigation."
 December 18, 1984 Case continued "due to defendant's incarceration in the Federal jail in Jefferson County."
 February 25, 1985 Sentencing continued to March 14, 1985.
 March 14, 1985 Sentencing "continued generally until defendant can be [obtained] from the Federal Authorities. This case is withdrawn and filed with the Clerk pending defendant's appearance in this court."
 May 28, 1985 Circuit clerk receives Hurst's letter requesting "documentation of final disposition in this matter."
 June 25, 1986 United States Bureau of Prisons sends "Detainer Action Letter" to Clay County Circuit Clerk stating that "[a] detainer has been filed against . . . [Hurst] in your favor. . . . Release is tentatively scheduled for 04-10-1990." The letter also requested the completion *Page 906 
of the enclosed form for "transfer of inmates to state agents for production on State Writs."
 June 26, 1986 Hurst wrote Clay County Circuit Clerk requesting appointment of counsel.
 August 19, 1986 Hurst filed "writ of habeas corpus motion to dismiss charges" in federal court, complaining of state's delay of 19 months in filing a detainer and failure of state to sentence. This petition was not verified in any manner.
 October 27, 1986 Hurst filed a "motion to vacate judgment" in the circuit court alleging that the burglary indictment fails to charge an offense.
March 18, 1987 Hurst sentenced.
 March 25, 1987 Circuit court orders Hurst transferred to federal prison.
Hurst never asserted his right to sentencing because he never requested the circuit court to impose sentence. His letter of May 28, 1985, only requested "documentation of final disposition in this matter." In seeking federal habeas corpus relief in August of 1986, Hurst requested that the state charge be dismissed because of the delay in imposing sentence. The record reveals no instance where Hurst actually requested that he be sentenced. In the absence of a request for imposition of sentence, an accused impliedly consents to an indefinite delay, of which he should not be later heard to complain. Miller v.Aderhold, 288 U.S. 206, 210, 53 S.Ct. 325, 326, 77 L.Ed. 702
(1933).
Even if we consider the habeas corpus petition as an assertion of right, this assertion came 22 months after the first date for sentencing and only five months before Hurst was actually sentenced. We find no timely assertion of any right.
We also find Hurst's allegations of prejudice to be without merit.
 "Trial delay may prejudice the defendant through oppressive pretrial incarceration, impairment of defense and anxiety. Sentencing delay typically risks only the possible prejudice of anxiety, but the delay also disserves a basic notion that, once convicted, an offender should be able to serve his sentence and be done with it." Howard, 577 F.2d at 270.
He claims the delay caused prejudice because (1) "it is quite possible that his sentence . . . would have been run concurrently with the other State sentences on which he was later convicted and sentenced," (2) there was a different judge, district attorney, and defense counsel at the guilty plea and sentencing, and (3) Hurst was misled into believing that the state sentence was being run concurrently with his federal sentence.
For the most part, the record simply does not support these contentions. As to allegation (1), the record only reflects that Hurst was convicted for murder in 1984. His contention that his murder sentence would have been made to run concurrently with his sentence in the burglary case if the burglary sentence had been imposed in 1984 when first scheduled is nothing more than speculation and conjecture.
As to allegation (2), there is little possibility that Hurst's sentence in 1987 was any different from what it would have been in 1984, even though the district attorney, defense counsel, and judge in 1987 were not the same persons that would have been involved in 1984. Hurst pleaded guilty under a plea bargain agreement. The State fulfilled its agreement and the judge honored it. It is highly unlikely that Hurst would have been placed on probation when he was facing federal charges and a state murder charge. Hurst v. State, 469 So.2d 720
(Ala.Cr.App. 1985) (manslaughter conviction, sentence of ten years' imprisonment).
As to allegation (3), the record shows that Hurst wrote to the circuit clerk in May of 1985 and stated:
 "Prior to my entering a plea of guilty in this instance, it was recommended via the District Attorney's Office that I receive a year and a day on this case. Consequently, however I have been informed in a 'Round-about' way that this case was in fact ran with my present federal sentence." (Emphasis in original).
There is no indication that any state official or appointed defense counsel misled Hurst as to the plea bargain agreement or sentence. Just as a delay in sentencing until the defendant's completion of a state sentence may not be unreasonable, Treakle v. United States, 327 F.2d 82 (9th Cir. 1964), *Page 907 
so, too, the delay in this case was not unreasonable.People v. McIntosh, 103 Mich. App. 11, 302 N.W.2d 321 (1981) (15-month delay). See also those cases cited in Annot., 98 A.L.R.3d 605 at § 14 (1980).
This Court finds itself in agreement with what was written inMcIntosh, 302 N.W.2d at 326:
 "Balancing these four factors [of Barker], we find that, while delay in sentencing was exceedingly long, it was due in part to the need to obtain custody over defendant from Federal officials. Although we are not convinced that the prosecution acted with sufficient diligence in seeking to obtain defendant, it is apparent that defendant took little action to advance sentencing himself and that he was not prejudiced by the delay. We therefore find that the lower court retained jurisdiction to sentence defendant."
The judgment of the circuit court is affirmed.
 AFFIRMED. All Judges concur.