UNITED STATES of America, Plaintiff,

v.

Austin NUNN, Defendant.

Nos. H Cr 74–51, H Cr 74–53.

United States District Court,
N. D. Indiana,
South Bend Division.

Aug. 10, 1977.

John R. Wilks, U. S. Atty., Fort Wayne, Ind., Andrew B. Baker, Jr., Asst. U. S. Atty., Hammond, Ind., for plaintiff.

Robert D. Truitt, Valparaiso, Ind., for defendant.

## MEMORANDUM OPINION AND ORDER

ALLEN SHARP, District Judge.

Petitioner Austin Nunn, convicted after separate trials in two cases (H Cr 74–51 and H Cr 74–53) of the distribution of heroin, was sentenced to fourteen years imprisonment on each charge, sentences to run consecutively. Petitioner appealed both convictions to the United States Court of Appeals for the Seventh Circuit.

In H Cr 74–53 (the November 29, 1973, sale of heroin) Petitioner's attorney filed a brief indicating the appeal was without merit. The Court of Appeals affirmed the conviction.

In H Cr 74–51 (the November 30, 1973, sale of heroin) the Petitioner filed a brief alleging that the consecutive sentences imposed were an abuse of discretion and constituted cruel and unusual punishment. The Court of Appeals affirmed the conviction on June 13, 1975.

On December 4, 1975 Petitioner filed a motion pursuant to Title 28, United States Code, Section 2255, alleging (1) the sentences constituted cruel and unusual punishment; (2) that this Court failed to advise him of the consequences of the special parole term; and (3) that this Court erred in not sentencing Petitioner under the Narcotic Addict Rehabilitation Act, 18 U.S.C. § 4251 et seq. On December 8, 1975 this Court denied the motion to vacate. On appeal, the Court of Appeals affirmed the judgment of this Court.

Now Petitioner again seeks to vacate his sentence, alleging this time (1) that the delay of 57 days between the trial and sentencing was a violation of Petitioner's speedy trial rights; (2) that there was prejudicial error and bias by the sentencing judge; and (3) a denial of due process in that the Court heard both cases and read the Petitioner's presentence report before the trial of the second case.

On March 18, 1974 the Grand Jury returned the indictments in H Cr 74–51 and H Cr 74–53 charging the Petitioner Austin Nunn with the distribution of heroin on November 30, 1973 and November 29, 1973 respectively.

On October 11, 1974 cause H Cr 74–53 was tried ad Petitioner was found guilty. Petitioner requested an extension of time within which to file a motion for a new trial on October 17, 1974. This Court granted an extension of time until November 5, 1974.

On October 24, 1974 this Court entered an order in H Cr 74–53 ordering the Probation Officer to refrain from filing with the Court any report of presentence investigation until the Court ruled on and disposed of all post-trial motions.

On November 4, 1974 Petitioner Austin Nunn filed a Motion for New Trial in H Cr 74–53.

Cause No. H Cr 74–51 came to trial on November 20, 1974. Petitioner was found guilty.

On November 22, 1974 this Court entered an order denying the Motion for New Trial in H Cr 74–53. Also, on November 22, 1974, this Court entered an order directing the Probation Officer to submit the presentence report in H Cr 74–53.

On November 22, 1974 Petitioner filed a Motion for New Trial in H Cr 74–51. On December 2, 1974 this Court denied the Motion for New Trial in H Cr 74–51.

On December 6, 1974 Petitioner was sentenced on both charges.

■ The Petitioner contends that the lapse of 57 days between his conviction in H Cr 74–53 and his sentencing was a violation of his speedy trial rights. Such delay was reasonable in that it was of short duration, and was occasioned in part by the Petitioner. Moreover, the delay was for the protection of the Petitioner's rights and resulted in no prejudice to the Petitioner whatsoever.

Rule 32(a)(1) of the Federal Rules of Criminal Procedure provides: "Sentence shall be imposed without unreasonable delay." In addition, it has been recognized that the Sixth Amendment right to speedy trial includes the sentencing. E. g., *Pollard v. United States,* 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957).

■ In considering the question of whether there has been unreasonable delay in sentencing, courts have considered (1) the length of the delay involved; (2) the reason for the delay; (3) waiver by the defendant; and (4) the actual prejudice. *E. g., Brooks v. United States,* 423 F.2d 1149, 1151–52 (8 Cir. 1970).

Considering first the time interval, it is obvious the delay was relatively short. In *Brooks, supra,* at fn. 3 p. 1152, the Court of Appeals for the Eighth Circuit held that a delay of ninety days from conviction to sentence was reasonable on its face. In *Brooks, supra,* the Court lists numerous cases in which no Sixth Amendment violation was found even though the delay exceed ten months.

In the instant case, there were substantial reasons for the delay which undercuts the Petitioner's claim. First, he himself caused some of the delay by requesting an extension of time in which to file a Motion for a New Trial. Secondly, the filing of the Motion required time for response by the Government and consideration by this Court, a process which, though expeditiously undertaken, was not complete until November 22, 1974. In addition, since the Court specifically refrained from examining the presentence report until the motion was decided to avoid prejudice to the Petitioner, additional time was required for study of the report.

Moreover, it clearly was entirely proper for this Court to postpone sentencing until the other pending charge, Cause No. H Cr 74–51 was resolved.[1] In *United States v. Pruitt,* 341 F.2d 700, 703 (4th Cir. 1965), the Court of Appeals said:

"In determining sentence to be imposed in this case, trial judge was entitled to take into consideration the fact that appellant had committed additional crimes in the interim between the time he committed the offenses upon which the indictment here was based and the time of sentence upon his guilty pleas to said indictment."

The Court in *Pruitt* rejected a claim that it was error by the court to delay sentencing on a guilty plea until after a court trial on other pending charges against the defendants. See also, *United States v. Tortorello,* 391 F.2d 587 (2d Cir. 1968) where almost three years elapsed between a plea of guilty to one count and resolution of other pending charges.

With respect to waiver by the defendant, here the Petitioner was responsible for much of the delay by requesting an extension of time to file a post-trial motion and by filing the motion. As the Supreme Court stated in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972):

"We hardly need add that if delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine, the demand rule aside."

Even if the delay were not the defendant's fault, he made no assertion of his rights. In *Barker v. Wingo, supra,* the Court rejected a rule that failure to demand a speedy trial waived the right, but did hold failure to assert the right was a factor to be considered, saying:

"We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."

407 U.S. at 532, 92 S.Ct. at 2193.

Applying the fourth factor, Petitioner is totally unable to demonstrate any prejudice. Indeed, by not considering the presentence report during the pendency of the post-trial motions and H Cr 74–51, this Court specifically avoided prejudice to the defendant. Cf. *Pruitt, supra,* 341 F.2d at 702.

In disposing of Petitioner's speedy trial claim, it should be noted that, pursuant to the requirement of Rule 50(b) of the Federal Rules of Criminal Procedure, that effective January 30, 1973, the United States District Court for the Northern District of Indiana adopted a Plan to Implement Rule 50(b). Section 2 of the Plan provides in part:

"Subject to the provisions of Section 4 hereof, the judges of this Court will observe the following time limits, which are deemed to be maximum time limits:

\*　　\*　　\*　　\*　　\*　　\*

(c) Sentencing. A defendant shall ordinarily be sentenced within 45 days of the date of his conviction or plea of guilty or nolo contendere."

Section 4 of the Plan provides:

"Any period of time prescribed by this Plan may be extended by the Court. The Court shall grant such extensions only if it is satisfied that postponement is in the interest of justice, taking into account the public interest in the prompt disposition of criminal charges and the interest of the defendant in a speedy trial. Among other reasons, *the Court may take into consideration: a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to　\*　\*　\*　trial of other charges.　\*　.\*　\** " (my emphasis)

Moreover, the Plan further provides in Section 5:

"Subject to the power of the Court to dismiss a case for unnecessary delay, the failure to conform with the time limits

---

1. Petitioner was sentenced four days after this Court's decision on Petitioner's post-trial motions in H Cr 74–51.

herein prescribed shall not require dismissal of the prosecution."

Thus, the Court properly extended the time for sentencing in accordance with the Plan. Moreover, since, as we have demonstrated above, the delay was not prejudicial, was reasonably short, and occasioned at least in part by the Petitioner, his claim for relief must fail, even assuming there was error. As Mr. Justice Black stated in *Bozza v. United States,* 330 U.S. 160, 166–67, 67 S.Ct. 645, 649, 91 L.Ed. 818 (1947):

> "This Court has rejected the 'doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether because the court committed an error in passing sentence.'
> . . . The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner."

Here there was no error whatsoever.

Distilled of the naked conclusions by Petitioner, the only factual allegations of bias and prejudice on the part of this Court is that this Court had information about Petitioner's case from other cases heard by this Court and that this Court waited until both charges were disposed of until sentencing. His claim is without merit.[2]

■ His first contention, that this Court had knowledge of the Petitioner from other cases, is similar to the claims raised in *United States v. Jeffers,* 532 F.2d 1101 (7th Cir. 1976) and *United States v. Harris,* 542 F.2d 1283 (7th Cir. 1976). As the Court of Appeals stated in *Harris, supra:*

> "We need not lengthen this opinion by discussing the issue again at this time other than to reaffirm that a judge's exposure to evidence presented at an earlier trial involving the same person does not per se create the kind of bias or prejudice which requires disqualification."

As in *United States v. Jeffers, supra,* there are no facts alleged that any knowledge learned in other proceedings created any bias or prejudice.

Moreover, as shown above, the delay of sentencing until the second trial is not evidence of bias, but sound judicial discretion.

■ Petitioner alleges that his Due Process Rights were violated by the Court having read the presentence report prior to his second trial. This naked allegation is completely refuted by the record.

On October 24, 1974, thirteen days after Petitioner's first trial, this Court specifically ordered the Probation Officer not to submit a presentence report until the Court had ruled on post-trial motions. On November 22, 1974, four days after the Petitioner's second trial, this Court denied the post trial motion and authorized the Probation Officer to submit the report.

This Court specifically adopted a procedure to avoid the prejudice Petitioner now alleges. However, there is no fact alleged or shred of evidence referred to that casts the slightest suspicion that the Court's careful and specific orders were not complied with. Accordingly, his contention is totally without merit.[3]

THEREFORE, the Motion Attacking Sentence is DENIED.

---

2. For the same reasons, the allegations of bias are insufficient to warrant submission of this motion to a different judge.

3. Moreover, since Petitioner does not claim that the Court read the presentence report prior to his first conviction, even if his allegation were true, there is no ground for reversal. *United States v. Harris,* 542 F.2d 1283, 1304 (7th Cir. 1976).