[No. AO13700. First Dist., Div. One. Aug. 11, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
REINALDO M. DA SILVA, Defendant and Appellant.

## COUNSEL

Roni Rotholz for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eugene Kaster and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ELKINGTON, Acting P. J.**—Defendant Da Silva was convicted of the crime of battery with serious bodily injury (Pen. Code, §§ 242-243). On his appeal in which he claimed sentencing error, the judgment of conviction was affirmed, but the cause was remanded for resentencing. The remittitur of that appeal issued January 14, 1981.

On February 3, 1981, the cause was calendared for resentencing. Rejecting court-appointed counsel, Da Silva secured a continuance to February 10, 1981, for the purpose of obtaining private counsel. Thereafter successive continuances were granted Da Silva for the same reason until, on April 16, 1981, court-appointed counsel was appointed for him. Again, a continuance was sought and granted. The matter came on for resentencing May 22, 1981, with Da Silva and his court-appointed counsel present. As best we are enabled by the record to understand those proceedings, Da Silva there objected to the superior court's jurisdiction, for not having resentenced him within 60 days of the issuance of the earlier appeal's remittitur. Nevertheless the court resentenced Da Silva, which sentence we are advised, has now been fully served.

The sole issue of Da Silva's instant appeal is whether "the court erred in failing to dismiss the charges against appellant" under Penal Code section 1382, subdivision 2.

Penal Code section 1382, subdivision 2, provides that "when a person is not brought to trial . . . within 60 days after [reversal of a judgment of conviction on appeal and] the filing of the remittitur in the trial court," that court "must order the action to be dismissed."

We need not consider the many points now raised by Da Silva, or whether the statute applies to resentencing as well as being "brought to trial." Instead we apply reasonably apposite language of *People* v. *Floyd* (1970) 1 Cal.3d 694, 707 [83 Cal.Rptr. 608, 464 P.2d 64], disapproved on unrelated grounds, *People* v. *Wheeler* (1978) 22 Cal.3d 258, 287 [148 Cal.Rptr. 890, 583 P.2d 748].)

"Although a criminal defendant may not be deprived of a speedy trial because the prosecution—or the defense—is lazy or indifferent, or because the prosecution seeks to harass the defendant rather than bring him fairly to justice, a criminal defendant may not juggle his constitutional rights in an attempt to evade prosecution. He may not demand a speedy trial and demand adequate representation, and, by the simple expedient of refusing to cooperate with his attorney, force a trial court to choose between the two demands, in the hope that a reviewing court will find that the trial court has made the wrong choice. *'We cannot tolerate such bad faith and we are not constitutionally required to do so.'*" (The italics are ours.) And see *People* v. *Johnson* (1980) 26 Cal.3d 557, 570, footnote 13 [162 Cal.Rptr. 431, 606 P.2d 738].

The judgment is affirmed.

Newsom, J., and Holmdahl, J., concurred.

On September 2, 1983, the opinion was modified to read as printed above.