[No. D000482. Fourth Dist., Div. One. Nov. 2, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL LAWRENCE DOMENZAIN, JR., Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Certified for publication with the exception of section II.

620

COUNSEL

Charles M. Sevilla, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Keith I. Motley and Robert B. Shaw, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WIENER, Acting P. J.**—A jury convicted Manuel Lawrence Domenzain, Jr., of first degree burglary (Pen. Code, § 459)[2] and grand theft. (§ 487, subd. 1.) In *People* v. *Domenzain* (Mar. 7, 1983) 4 Crim. 13902 [unpub. opn.] we affirmed the convictions but remanded the case for resentencing. On December 12, 1983, the court resentenced Domenzain to the upper term of six years for the burglary with a concurrent sentence of three years for the grand theft. Domenzain received credit of 1,399 days for time spent in custody including 847 days actual local time plus 552 local conduct credits. Domenzain appeals on three sentence related grounds. We reject Domenzain's principal argument that the court's failure to resentence him within 60 days under section 1382 requires dismissal of his case. We agree, however, that the court's postjudgment ex parte reduction of his sentence credits was improper. Accordingly, we remand for resentencing proceedings consistent with this opinion.

I

 Domenzain first says his case should be dismissed because he was not timely resentenced under section 1382.[3] That section provides that following an appeal, absent good cause to the contrary, a case must be dismissed if not "tried again" within 60 days after the filing of the remittitur.

Although Domenzain may correctly assert sentencing is part of speedy trial, the language, history, and context of section 1382 preclude its application to sentencing or resentencing delay. Section 1382 is one of a series of statutes implementing article 1, section 15 of the California Constitution

---

[2]All statutory references are to the Penal Code.

[3]Section 1382 provides in part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed . . .:

". . . . . . . . . . . . . . . . . . . . . . .

"2. When . . . the cause is to be tried again following . . . an appeal from the superior court, within 60 days . . . after the filing of the remittitur in the trial court, . . ."

providing for the speedy public trial of the criminal defendant. As such, section 1382 must be read in conjunction with section 1381.5[4] which provides for timely state court disposition of cases for defendants awaiting trial or sentencing while imprisoned in a federal correctional facility. In response to dictum in *People* v. *Brown* (1968) 260 Cal.App.2d 745, 751 [67 Cal.Rptr. 288] that the right to a speedy trial includes sentencing, section 1381.5 was amended in 1971 to refer to sentencing throughout. *In re Shute* (1976) 58 Cal.App.3d 543, 548 [130 Cal.Rptr. 270] reiterated the proposition from *Brown* in discussing section 1381.5. It is on this authority that Domenzain relies for his proposed interpretation of section 1382. It should be stressed, however, that the text of sections 1381.5 and 1382 is different. (See fns. 3 and 4 *ante.*)

In contrast to section 1381.5, section 1382 refers to the action being "tried again" without reference to sentencing. In spite of its proximity and similarity to section 1381.5, section 1382 was not amended in 1971. Because sentencing is not mentioned in the latter section it can be reasonably inferred the Legislature intended section 1382 should apply to retrials only.

The purpose of section 1382 confirms that it was not intended to include resentencing. The Legislature was undoubtedly unsympathetic to the notion that a defendant convicted in a fair trial affirmed on appeal could escape punishment solely because he was not resentenced within 60 days after the filing of the remittitur. For that defendant the Legislature specifically provided the time during which delay occurred was to be credited toward his term of sentence. (§ 2900.5.)[5]

---

[4]Section 1381.5 provides: "Whenever a defendant has been convicted of a crime and has entered upon a term of imprisonment therefor in a federal correctional institution, and at the time of entry upon such term of imprisonment or at any time during such term of imprisonment there is pending in any court of this state any criminal indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be *sentenced* the district attorney of the county in which such matters are pending, upon receiving from such defendant a request that he be brought *to trial or for sentencing,* shall promptly inquire of the warden or other head of the federal correctional institution in which such defendant is confined whether and when such defendant can be released *for trial or for sentencing.* If an assent from authorized federal authorities for release of the defendant *for trial or sentencing* is received by the district attorney he shall bring him *to trial or sentencing* within 90 days after receipt of such assent, unless the federal authorities specify a date of release after 90 days, in which event the district attorney shall bring the prisoner to *trial or sentencing* at such specified time, or unless the defendant requests, in open court, and receives, or, in open court, consents to, a continuance, in which event he may be brought to *trial or sentencing* within 90 days from such request or consent.

"If a defendant is not brought *to trial or for sentencing* as provided by this section, the court in which the action is pending shall, on motion or suggestion of the district attorney, or representative of the United States, or the defendant or his counsel, dismiss the action." (Italics supplied.)

[5]The only case in which the question of whether section 1382 applies to sentencing is *People* v. *Da Silva* (1983) 145 Cal.App.3d 872 [193 Cal.Rptr. 811]. There, however, the court found it unnecessary to address that issue since good cause for the delay was found.

 Having expressed our intellectual conclusion that section 1382 does not apply to resentencing following a successful sentencing appeal, we nonetheless believe that the criminal justice system is not served when a defendant is not promptly resentenced. A convicted defendant should not be subjected to unnecessary and indefinite delay before a new sentence is imposed.

In *United States* v. *Nunn* (N.D.Ind. 1977) 435 F.Supp. 294, the district court held that 57 days between trial and sentencing, where occasioned in part by petitioner and in part for protection of petitioner's rights, did not violate the speedy trial mandate. *Nunn* accepted the proposition that sentencing is part of trial for speedy trial purposes[6] and embraced four criteria to assess whether a violation of this constitutional right had occurred: the length of delay; the reason for delay; whether defendant waived time; and whether defendant incurred actual prejudice.[7] We apply these criteria to Domenzain's case.[8]

 Domenzain neither waived time nor was good cause shown for the delay. Although there was no reason for the delay, a delay of several months in some cases is justifiable. (See, e.g., *Pollard* v. *United States, supra,* 352 U.S. 354 (delay of 24 months between conviction and sentencing not excessive); see also *Bolduc* v. *United States* (5th Cir. 1966) 363 F.2d 832; *Kaye* v. *United States* (6th Cir. 1956) 235 F.2d 187.) The dispositive question here is whether Domenzain suffered actual prejudice.[9]

---

[6]*Nunn* relied on *Pollard* v. *United States* (1957) 352 U.S. 354 [1 L.Ed.2d 393, 77 S.Ct. 481] for this proposition in spite of the fact *Pollard* assumed the proposition without deciding it. After *Pollard,* several circuits assumed the same proposition. (*United States* v. *Tortorello* (2d Cir. 1968) 391 F.2d 587; *Welsh* v. *United States* (6th Cir. 1965) 348 F.2d 885; *United States* v. *Grabina* (2d Cir. 1962) 309 F.2d 783.)

[7]The four criteria articulated in *Nunn* were borrowed from *Brooks* v. *United States* (8th Cir. 1970) 423 F.2d 1149. The *Brooks* court took the criteria from *Beavers* v. *Haubert* (1905) 198 U.S. 77 [49 L.Ed. 950, 25 S.Ct. 573]; *United States* v. *Ewell* (1966) 383 U.S. 116 [15 L.Ed.2d 627, 86 S.Ct. 773]; *Von Feldt* v. *United States* (8th Cir. 1969) 407 F.2d 95 and *Barnes* v. *United States* (8th Cir. 1965) 347 F.2d 925. Oddly enough the *Brooks* court did not decide whether an unreasonable delay in sentencing constitutes an infringement of a constitutional right although it held there was no purposeful or oppressive delay in 10 months between conviction and sentence based on these 4 criteria.

[8]In light of our earlier discussion we also reject Domenzain's equal protection argument in which he contends postappeal defendants awaiting resentencing only are similarly situated with those who are awaiting retrial. The policy and practical differences affecting a person presumed to be innocent awaiting retrial, and those affecting a person validly convicted and awaiting resentencing, are sufficient to permit different treatment. There is indeed a compelling state interest to exclude the latter category of persons from the dismissal provision of section 1382.

[9]The application of the fourth criterion under the federal analysis to postconviction speedy trial questions finds corroboration in California law which also requires a showing of actual prejudice in the postconviction context. "When an accused seeks pretrial relief for a violation of his statutory right to a speedy trial, he is not obliged to show that he has been

Domenzain previously raised this argument in his petition for a writ of habeas corpus. This court denied the writ because Domenzain did not show the sentencing delay prejudiced him. Again, he is unable to show prejudice. Since he was sentenced to a six-year term, the delay of several months has not nor will it affect his release date. We also reject his assertion the delay impaired the sentencing court's memory of the facts of his crime.

Domenzain claims prejudice occurred when he decided not to file a petition for hearing in the California Supreme Court to challenge other aspects of the appellate court ruling because he recognized such a petition would delay the issuance of the remittitur and he did not wish to delay his return to Imperial County for resentencing. (Petition for writ of habeas corpus, *People* v. *Domenzain* (Oct. 27, 1983) 4 Crim. 15761, pp. 1-2.) The thrust of his argument is that he sacrificed his chance for a Supreme Court ruling in exchange for resentencing within the 60-day statutory period. Had he known resentencing would not occur timely he would have petitioned the Supreme Court. Although Domenzain's argument contains a grain of logic it is unconvincing. The prejudice suffered must be *actual* not possible. If we were to accept Domenzain's argument here we would be relying on his retrospective self-serving statement heightened by the statistical probability, or lack thereof, of a grant of hearing and favorable resolution by the Supreme Court. Domenzain's alleged prejudice is nothing more than speculation, an insufficient reason to dismiss his case. Since Domenzain fails to meet the requirement of actual prejudice, we reject his argument.

II*

. . . . . . . . . . . . . . . . . . . . . . . . .

III

Finally, Domenzain correctly argues he was prejudiced by the postjudgment ex parte order in which the court reduced his presentence credits from

---

prejudiced by the delay. (*People* v. *Wilson* [(1963)] 60 Cal.2d [139,] 151 [32 Cal.Rptr. 44, 383 P.2d 452].) If no good cause for the delay is shown, the court must dismiss the charges, regardless of its assessment of how burdensome the accused might have found the delay. (See *People* v. *Fegelman* (1944) 66 Cal.App.2d 950 [153 P.2d 436] [unexcused one day delay beyond statutory period requires dismissal].) However, this court has held that after a judgment of conviction, a showing of actual prejudice is required. (*People* v. *Wilson, supra*, 60 Cal.2d at p. 152.)" (*Owens* v. *Superior Court* (1980) 28 Cal.3d 238, 252, fn. 15 [168 Cal.Rptr. 466, 617 P.2d 1098]; accord *People* v. *Johnson* (1980) 26 Cal.3d 557, 574-575, 585-586 [162 Cal.Rptr. 431, 606 P.2d 738 16 A.L.R. 4th 1255]; *People* v. *Kirkpatrick* (1972) 7 Cal.3d 480, 486 [102 Cal.Rptr. 744, 498 P.2d 992].)

*See footnote 1, *ante*.

1,399 to 1,270 days. The minute order reflecting that change was neither sent to the parties nor to this court. Because of the factual issue of whether Domenzain signed a waiver form permitting him to participate in the work incentive program, and if so, when that form was signed, we must remand for further proceedings to allow Domenzain to participate for a determination of the appropriate credits to which he is entitled.

### Disposition

Judgment of conviction affirmed. Remanded for further proceedings in accordance with this opinion.

Work, J., and Duffy, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.