Filed 6/22/23  P. v. Smith CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>SPENCER FREEMAN SMITH<br><br>　　　Defendant and Appellant. | A163609<br><br>(Alameda County<br>Super. Ct. No. H55167) |

Defendant Spencer Freeman Smith appeals the trial court's order denying his motion to reduce his conviction from a felony to a misdemeanor pursuant to Penal Code[1] section 17, subdivision (b) (section 17(b)).  Defendant asserts the trial court improperly delayed ruling on his motion in violation of the Sixth Amendment, the denial voided his underlying plea agreement, and he was afforded ineffective assistance of counsel.  We disagree and affirm the order.[2]

---

[1] All statutory references are to the Penal Code.

[2] On January 18, 2023, defendant filed a motion to augment the record with certain e-mail correspondence, the trial court's docket, the State Bar of California's "Response to Order Dated March 27, 2020 Re Evidence of Finality; Register of Actions," and a State Bar of California document entitled "Transmittal of Records of Conviction of Attorney" enclosing a December 6, 2019 minute order.  The Attorney General opposes the request.  Because

# I.

# BACKGROUND

We recount the relevant facts from this court's prior nonpublished opinion, *People v. Smith* (Aug. 29, 2018, A147874) (*Smith I*): "When driving late at night, defendant struck a man walking with his bicycle on the side of a four-lane road.  Defendant did not stop to render aid or call for help, and the man died.  On June 26, 2012, defendant was charged with felony fleeing the scene of an accident which resulted in death (Veh. Code, § 20001, subd. (a)) and misdemeanor vehicular manslaughter (Pen. Code, § 192, subd. (c)(2)).  In September 2015, he pled no contest to both charges in an 'open plea'[3] to the court.  Two weeks later, the trial court placed defendant on five years' felony probation, including one year in county jail, with the first 30 days to be served in physical custody."  Defendant's initial section 17(b) motion was denied.  (*Smith I*, *supra*, A147874.)

"On October 9, 2015, the trial court modified the terms of defendant's probation to impose the electronic monitoring first and allow defendant to serve the 30 days in custody at the end of his one-year jail term.  The court also 'conditionally' granted defendant's [second] section 17(b) motion, reducing his felony conviction to a misdemeanor on the condition that if defendant violated the terms of his probation, the trial court would reinstate the conviction as a felony.  In explaining its order, the court said:  ' . . . I will grant the 17(b) today, but if you don't stay out of trouble for the year then the

---

these materials are not relevant to our disposition of this matter, we deny defendant's motion to augment.

[3] "An open plea is one in which there is no plea agreement with the prosecution and the defendant ' "plead[s] unconditionally, admitting all charges and exposing himself to the maximum possible sentence if the court later chose to impose it." ' " (*Smith I*, *supra*, A147874.)

2

hook is going to come, and if the D.A. files a petition to revoke probation the court will have the flexibility under this agreement I am making with you today, that I've never made before and I don't know if I ever will make it again, but that you would agree you'd be back on felony probation and would be exposed to, I think it's what, two years, three years, or four years in prison?' Defendant agreed to the court's proposal." (*Smith I, supra*, A147874.)

Defendant violated the terms of his probation, and "the trial court reinstated defendant's Vehicle Code section 20001, subdivision (a) conviction as a felony, and ordered him to serve one year in county jail and five years' felony probation." (*Smith I, supra*, A147874.)

Defendant appealed that order. On appeal, this court concluded "the trial court exceeded its jurisdiction and imposed an unauthorized sentence by conditionally granting defendant's section 17(b) motion subject to reimposition of the felony sentence." (*Smith I, supra*, A147874.) We explained, "Nothing in the statutory language . . . permits the trial court to reduce the conviction to a misdemeanor while retaining the discretion to later redesignate it as a felony." (*Ibid.*) We remanded the matter to the trial court with instructions for it "to reconsider defendant's motion to reduce the felony to a misdemeanor, and to either grant or deny the motion in the sound exercise of its discretion." (*Ibid.*)

Defendant subsequently moved to withdraw his guilty plea. Defendant argued good cause supported his motion because his plea was not knowingly made in light of this court's reversal of his section 17(b) motion, and he was not represented by effective counsel.

Following remand, the trial court denied both defendant's section 17(b) motion and his request to withdraw his guilty plea. As to the section 17(b)

motion, the court recounted the relevant facts surrounding the incident and explained "there's really no equities [*sic*] for the court to grant the motion on October 9th when I had denied it two weeks before."  The court also explained it found defendant's motion to withdraw his guilty plea untimely, "inconsistent with facts known to the Court," and unsupported by any declarations.

Defendant filed a timely notice of appeal and requested a certificate of probable cause.  The trial court denied that request, and the record does not reflect any actions taken by defendant to contest that denial.

## II.

## DISCUSSION

Defendant raises three main issues on appeal: (1) the delay by the trial court in reconsidering his section 17(b) motion following remittitur violated his Sixth Amendment rights; (2) the denial of his section 17(b) motion voids his open plea; and (3) he was afforded ineffective assistance of counsel.  We address these arguments below.

### A.  Delay in Ruling Following Remittitur

Defendant contends the approximate three-year gap between the issuance of remittitur and the trial court's ruling on his section 17(b) motion violated his right to a speedy trial under the Sixth Amendment.  We disagree.

The right to a speedy trial is guaranteed by the Sixth Amendment. (*Barker v. Wingo* (1972) 407 U.S. 514, 515 (*Barker*).)  To determine whether a defendant has been denied that right, a court weighs four factors: the length of delay; the reason for delay; defendant's assertion of the right; and prejudice to the defendant.  (*Id*. at p. 530.)  At least one California court has applied the *Barker* test in a resentencing context, stating that "the criminal justice system is not served when a defendant is not promptly resentenced."  (*People*

4

*v. Domenzain* (1984) 161 Cal.App.3d 619, 623.) Defendant also cites to one United States Supreme Court case from 1957, to argue the Sixth Amendment applies to the right to a speedy sentence. More recently, however, the United States Supreme Court held that the Sixth Amendment right to speedy trial *does not* apply to the sentencing phase of a criminal prosecution. (*Betterman v. Montana* (2016) 578 U.S. 437, 447 (*Betterman*).) The Supreme Court explained the Sixth Amendment right is based on the presumptive right of innocence and it "detaches upon conviction."[4] (*Betterman*, at p. 441.) Accordingly, we conclude defendant cannot assert a Sixth Amendment challenge to a sentencing delay.

In any event, even if we were to consider the merits of defendant's argument, he has not demonstrated a Sixth Amendment violation under the *Barker* factors.

First, the record indicates the delay in the trial court's reconsideration of defendant's section 17(b) motion following remittitur primarily related to his counsel's repeated requests for continuances. Remittitur was issued on October 31, 2018. The trial court scheduled a hearing following remittitur on November 15, 2018, but neither defendant nor counsel was present. A notice of hearing was then sent for January 11, 2019. That hearing was rescheduled to January 25, 2019, due to a court conflict. On January 25, defense counsel made an oral motion for a continuance, stating, "I am requesting more time so that I can confer with other counsel, my client. And ducktailing off of that request, we're happy to waive any time that is required for the remittitur to be heard or any irregularities as to putting this off yet

---

[4] While delays in sentencing may give rise to due process claims (*Betterman*, *supra*, 578 U.S. at p. 450 (conc. opn. of Sotomayor, J.)), defendant has not raised such a claim.

again . . . ." The court granted the continuance to March 8, 2019. Again, neither defendant nor counsel appeared, and the matter was continued to April 26, 2019. On April 26, defense counsel requested another continuance to June 14, 2019, due to scheduling conflicts. The court granted the request. The parties then stipulated to again continue the matter to August 9, 2019. On August 9, defendant was not present, defense counsel requested a continuance to September 13, 2019, and the court granted the request. On September 13, defense counsel made an oral motion to continue the hearing to November 8, 2019. On November 8, defense counsel made another oral motion to continue the hearing to December 6, 2019. The December 6 hearing was subsequently taken off calendar because the court was informed neither defendant nor his counsel could be present on that date. Defendant never sought to recalendar his motion. The matter was only placed back on calendar when defendant filed his motion to withdraw his guilty plea in June 2021. This is in accord with defendant's statement in his appellate brief that he "was informed that the continuances were necessary to allow Appellant trial counsel [*sic*] to file a Motion to Withdraw Appellant's plea and to continue to work out a disposition of the instant action."

Defendant argues he did not receive notice for the November 15, 2018 hearing, the court refused to hear the section 17(b) motion on January 25, 2019, he was in his vehicle outside the courthouse on April 26, 2019, the court continued the September 13, 2019 hearing for " 'jurisdictional issues,' " and the court continued to "delay putting [defendant's] matter back on calendar." The record does not support his piecemeal arguments. Contrary to defendant's position, the transcript and minute order from January 25, 2019 clearly contains a request by defense counsel to continue the matter. Similarly, the transcript from the September 13, 2019 hearing demonstrates

6

defense counsel again requested a continuance in response to the court's question, "Are we ready to proceed today . . . ?"  Defendant has not offered any minutes, transcripts, or other evidence to demonstrate he or his counsel did not receive notice of the November 15, 2018 hearing, did not request a continuance on April 26, 2019, or had his request to recalendar the section 17(b) motion denied.

In light of the record, defendant has not demonstrated the trial court improperly delayed hearing his section 17(b) motion.  To the contrary, any delays were the result of defense counsel's continued requests for continuances.

Second, the circumstances giving rise to defendant's assertion of his Sixth Amendment right do not support his argument.  Defendant entered an open plea on September 11, 2015.  Two weeks later, the trial court placed defendant on five years' felony probation, including one year in county jail, with the first 30 days to be served in physical custody.  Defendant's initial section 17(b) motion was denied at that time.  While the trial court subsequently granted defendant's renewed section 17(b) motion on October 9, 2015, this court's opinion in *Smith I*, *supra*, A147874, reversed that order.  In doing so, defendant was returned to the same position he had been in prior to the trial court's October 9, 2015 order—i.e., having entered an open plea and been sentenced to five years' felony probation.  Thus, following remittitur, defendant was neither waiting for a new trial nor a sentence.  Such circumstances, particularly in light of *Betterman*, *supra*, 578 U.S. 437, do not support defendant's claim that his Sixth Amendment rights were violated.

Finally, we conclude defendant has not demonstrated prejudice.  Under section 17, trial courts may " 'reduce a wobbler to a misdemeanor either by declaring the crime a misdemeanor at the time probation is granted or at a

7

later time—for example when the defendant has successfully completed probation.' " (*People v. Tran* (2015) 242 Cal.App.4th 877, 885.)  Section 17 sets a "broad generic standard" by which reduction of a wobbler rests "solely 'in the discretion of the court.' " (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.)  A reduction under section 17(b) is an act of leniency, not an entitlement.  (*Tran*, at p. 892.)

Here, defendant argues he was prejudiced because the trial court "stated [it] would not exercise [its] discretion to reconsider the motion" following the delays, and "the prosecution did nothing to pursue the sentencing of [defendant]."  As a result, defendant contends he "was presumptively prejudiced."  We disagree.

The court did not decline to reconsider the motion, but properly exercised its discretion in denying defendant's section 17(b) motion.  The court reviewed the record and made specific findings, including addressing the circumstances of the incident, the lack of evidence that defendant stopped to investigate the collision, the lack of evidence that defendant sought to render aid, and the lack of evidence defendant reported the collision.  The court noted, in light of *Smith I*, that the goals it attempted to establish through its October 9, 2015 order could not be obtained "without an act in excess of its jurisdiction and without imposing an unauthorized sentence." As a result, the court declined to exercise its discretion and denied the section 17(b) motion because "[t]here's really no equities [*sic*] for the court to grant the motion on October 9th when I had denied it two weeks before."

Nothing in the court's reasoning suggests it would have reached a different conclusion had it decided the section 17(b) motion closer to the date on which remittitur issued.  Defendant thus has failed to demonstrate

8

prejudice. In sum, the *Barker* factors do not support defendant's claim of a Sixth Amendment violation.

## B. *Validity of Plea*

Defendant next argues his open plea is void because he was "informed by his counsel that if he agreed to an open plea with the Court, [the judge] would give him a misdemeanor and allow him to continue to practice law uninterrupted."[5] In response, the Attorney General contends in part defendant's challenge to his plea is barred because he failed to obtain a certificate of probable cause.[6]

"Under section 1237.5, a defendant generally may not appeal from a judgment of conviction following a guilty or no contest plea, unless he files with the trial court a statement 'showing reasonable, constitutional, jurisdictional, or other grounds going to the legality of the proceedings' (§ 1237.5, subd. (a)), and the trial court executes and files 'a certificate of probable cause for such appeal with the clerk of the court' (§ 1237.5, subd. (b)). [Citations.] '. . . The requirements of section 1237.5 . . . must be strictly applied. [Citation.] The Supreme Court has disapproved the practice of applying the rule loosely in order to reach issues whose consideration would otherwise be precluded.' " (*People v. Mashburn* (2013) 222 Cal.App.4th 937, 941, fn. omitted; see also Cal. Rules of Court, rule 8.304(b)(3).) In the absence of a certificate of probable cause, an appeal is "limited to issues that do not require a certificate of probable cause." (Cal. Rules of Court, rule 8.304(b)(3); accord, *In re Chavez* (2003) 30 Cal.4th 643, 651 ["the Court of

---

[5] Defendant argues at length about the impropriety of judicial plea bargaining. But that issue was resolved in our prior opinion. (See *Smith I, supra*, A147874.)

[6] We note defendant made no effort to respond to this argument in his reply brief. Regardless, we address the argument on the merits.

Appeal 'generally may not proceed to the merits of the appeal, but must order dismissal' "].)

While courts have recognized an exception for an appeal that challenges only the sentence imposed, "a certificate of probable cause is required *if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement.*" (*People v. Johnson* (2009) 47 Cal.4th 668, 678, italics added.) " '[T]he critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the [certificate] requirements of section 1237.5.' " (*People v. Stamps* (2020) 9 Cal.5th 685, 694.)

At oral argument, defendant's counsel argued this rule does not apply to defendant's challenge because it is constitutional in nature. However, relevant authorities do not support this position. The application of section 1237.5 turns on whether the challenge attacks the plea—not basis for that challenge. And the California Supreme Court has applied section 1237.5 to claims that a sentence agreed to in a plea bargain was constitutionally defective. (See, e.g., *People v. Panizzon* (1996) 13 Cal.4th 68, 73 [certificate required for claim that imposition of sentence to which defendant agreed pursuant to plea agreement constituted cruel and unusual punishment].) Section 1237.5 thus required defendant to obtain a certificate of probable cause. While defendant initially sought such a certificate, the trial court denied this request. Defendant did not submit any evidence indicating he contested that denial. Accordingly, defendant's failure to obtain a certificate of probable cause waives his appeal as to this issue.[7]

---

[7] We note both parties cite to the prior appellate record, including defendant's September 11, 2015 plea and section 17(b) motion, but have not included those materials in the current record or requested this court take judicial notice of them. Nor have the parties included the designation of the

10

## C. *Ineffective Assistance of Counsel*

Defendant contends in the alternative that his attorney's erroneous advice regarding his open plea, failure to object to the judicial plea bargaining, and failure to object to the unauthorized sentence constitutes ineffective assistance of counsel. We do not address the merits of this argument because it is not among the limited issues reviewable on appeal in the absence of a certificate of probable cause.

As discussed above, a criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only raise grounds arising after the entry of the plea that do not affect the validity of the plea. (*People v. Johnson, supra*, 47 Cal.4th at pp. 676–677; Cal. Rules of Court, rule 8.304(b)(2), (3).) Accordingly, we can consider his ineffective assistance of counsel claim only if it is based on "[t]he sentence or other matters occurring after the plea or admission that do not affect the plea or admission" or do not require a certificate of probable cause "by law."[8] (Cal. Rules of Court, rule 8.304(b)(2)(B), (C).)

Here, defendant's argument as to advice provided by his attorney regarding the open plea is a direct attack on the plea's validity. Defendant was thus required to obtain a certificate of probable cause to bring his ineffective assistance of counsel claim. (See *People v. Johnson, supra*,

---

record to demonstrate those materials were properly designated. (See Cal. Rules of Court, rule 8.147(b)(1) ["A party wanting to incorporate by reference parts of a record in a prior appeal in the same case must specify those parts in its designation of the record."].) However, because the lack of a certificate of probable cause bars this argument, we find the absence of these documents immaterial.

[8] The other exception to the certificate of probable cause requirement, denial of a motion to suppress evidence under section 1538.5, is not applicable here. (See Cal. Rules of Court, rule 8.304(b)(2)(A).)

47 Cal.4th at pp. 683–685 [claim of ineffective assistance of counsel does not obviate need for certificate of probable cause]; *People v. Cole* (2001) 88 Cal.App.4th 850, 867 [claim that "attacks the validity of the plea. . . . cannot be entertained in the absence of a certificate of probable cause"].)

The remaining two arguments involve defense counsel's failure to object to judicial bargaining over defendant's sentence. To the extent these are not barred by defendant's failure to obtain a certificate of probable cause, defendant has failed to support his claim.

"Establishing a claim of ineffective assistance of counsel requires the defendant to demonstrate (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result." (*People v. Dennis* (1998) 17 Cal.4th 468, 540.) Here, defendant cannot establish prejudice. The alleged improper judicial bargaining resulted in the court issuing an erroneous order as to defendant's section 17(b) motion. Defendant appealed that order, and it was reversed by this court. (*Smith I*, *supra*, A147874.) Accordingly, any harm caused by counsel's failure to object was remedied by this court's opinion in *Smith I*.[9]

---

[9] Defendant also appears to imply that the court's postremittitur denial of his section 17(b) motion constituted an "unauthorized sentence," and "there is a reasonable probability" counsel's objection would have avoided the one-year jail term. Defendant offers no citations to authorities or to the record to support this claim. As discussed in part II.A., *ante*, the trial court properly exercised its discretion in denying defendant's section 17(b) motion. (See *People v. Thompson* (2010) 49 Cal.4th 79, 122 ["Counsel is not ineffective for failing to make frivolous or futile motions."].)

## III.

## DISPOSITION

The order is affirmed.

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A163609
*People v. Smith*