Filed 9/20/24  P. v. Scott CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B332621 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA148089) |
| v. | |
| DEMISHA M. SCOTT, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County.  Tammy Chung Ryu, Judge.  Affirmed.

Unite the People, Inc., and Crystal A. Morgan for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Demisha M. Scott appeals the denial of her petition for resentencing under Penal Code[1] section 1172.6 following an evidentiary hearing.

In 2019, appellant entered a plea of no contest to one count of voluntary manslaughter. (§ 192, subd. (a).) She filed a petition for resentencing in 2021, which the superior court summarily denied on the ground that her manslaughter conviction did not qualify for relief under section 1172.6. Scott appealed. (*People v. Scott* (July 22, 2022, B315975) [nonpub. opn.].) While the appeal was pending, Senate Bill No. 775 was enacted, allowing persons convicted of manslaughter to seek relief under section 1172.6 on the same basis as persons convicted of murder. (Sen. Bill No. 775, Stats. 2021, ch. 551.) Because appellant's plea to manslaughter no longer stood as a bar to relief under the statute, we reversed and remanded to the superior court for further proceedings pursuant to section 1172.6. (*People v. Scott, supra,* B315975.) Following an evidentiary hearing, the superior court denied the petition on the ground that as the sole perpetrator and actual killer, appellant is ineligible for relief under section 1172.6 as a matter of law.

Appellant contends the superior court erred by relying on inadmissible hearsay contained in the probation report to conclude she was the actual killer and thus ineligible for relief under section 1172.6. But appellant forfeited her claim of evidentiary error by failing to assert any objection below while relying on the probation report herself to argue for relief. Appellant also never alleged another person was the actual killer, instead admitting that she acted alone in stabbing the victim,

---

[1] Undesignated statutory references are to the Penal Code.

2

thereby defeating any possible basis for relief under section 1172.6. Finally, appellant's admissions constitute substantial evidence supporting the superior court's conclusion that appellant is guilty of voluntary manslaughter as the actual killer and sole participant, and is therefore ineligible for relief under section 1172.6.

Appellant further asserts the superior court violated her speedy trial rights under section 1382 by failing to conduct the evidentiary hearing in a timely manner following issuance of the remittitur. This claim is frivolous. The remittitur in *People v. Scott, supra,* B315975, was issued and filed on September 29, 2022, and not, as Scott contends, on July 22, 2022, when the opinion in that case was filed. Thus, the assignment of the matter to the superior court on November 10, 2022, for further proceedings did not represent an unreasonable delay, even if section 1382's 60-day requirement for bringing a case to trial applied. But section 1382 does not apply. A section 1172.6 evidentiary hearing is not a "trial" within the meaning of section 1382, and the statute's speedy trial requirement thus has no application to resentencing proceedings under section 1172.6.

We therefore affirm the superior court's denial of Scott's section 1172.6 petition for resentencing.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 23, 2019, appellant and Victor Waters got into an argument outside Waters's residence, and appellant stabbed Waters in the abdomen with a knife. Waters's video doorbell camera recorded the incident. Waters died in the hospital on January 28, 2019.

Appellant was charged by felony complaint with the murder of Waters (§ 187, subd. (a); count 1) and assault with a

deadly weapon (§ 245, subd. (a)(1); count 2).  The complaint further alleged that in the commission of the murder appellant personally used a deadly and dangerous weapon, a knife (§ 12022, subd. (b)(1)), and she personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).

The complaint was amended and appellant entered a plea of no contest to one count of voluntary manslaughter (§ 192, subd. (a); count 3).  She was sentenced on October 4, 2019, to the upper term of 11 years in state prison.

Following appeal from the summary denial of appellant's petition for resentencing and remand for further proceedings in accordance with section 1172.6, subdivision (d), the People filed a written opposition, which included the probation report as an exhibit.  Appellant filed a reply, in which she asserted she "did not intend to murder the decedent."  Citing the factual summary in the probation report, appellant declared that she "did not act with malice aforethought" because she and the victim were arguing and "during the argument, she acted thoughtlessly and stabbed the decedent."  Appellant also submitted supporting exhibits, including a psychological report, investigative reports, a report from a doctor who reviewed the medical records in the case, and portions of the autopsy report.

At the evidentiary hearing on May 30, 2023, defense counsel argued the exhibits showed appellant had a history of trauma, the victim had harassed appellant over a long period of time before the incident, and death was the result of the victim's cardiac conditions, not appellant's actions.

The superior court noted that the prosecution had indicated it was prepared to present witness testimony and the doorbell video of the crime.  But it stated such additional evidence would

4

be unnecessary because the defense had conceded in its brief that appellant stabbed the victim, making appellant the actual killer. Section 1172.6, the court declared, "[D]oes not apply to someone who actually killed the victim."

The superior court denied the petition, explaining that "[appellant] was not prosecuted under natural and probable consequences because she was the actual killer," and "[i]f you are the actual killer, you're automatically disqualified from being resentenced under 1172.6."

## DISCUSSION

### I. Appellant Is Ineligible for Relief Under Section 1172.6 as a Matter of Law Because She Was the Sole Perpetrator and Actual Killer

#### A. Section 1172.6

Enacted in 2018, Senate Bill No. 1437 (2017–2018 Reg. Sess.) effectively abolished the natural and probable consequences doctrine in cases of murder and limited the application of the felony-murder doctrine. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) The legislation also served to eliminate murder convictions premised on any theory of imputed malice—that is, any theory by which a person can be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine—unless the People also prove that the nonkiller defendant personally acted with the intent to kill or was a major participant who acted with reckless disregard to human life. (§§ 188, subd. (a)(3) & 189, subd. (e).) Specifically, the Legislature amended section 188 to require that, when the felony-murder rule does not apply, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall

5

not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).)

Section 1172.6 established a procedure for vacating the murder convictions of defendants who could no longer be convicted of murder because of Senate Bill No. 1437's amendments to sections 188 and 189.  (*Lewis*, *supra*, 11 Cal.5th at pp. 957, 959, 971; *Gentile*, *supra*, 10 Cal.5th at p. 843.)  Senate Bill No. 775 expanded section 1172.6's scope to allow a person convicted of manslaughter to petition the court for relief under section 1172.6.  (Sen. Bill No. 775, Stats. 2021, ch. 551, § 1, subd. (a).)  Thus, "[i]n its current form, section 1172.6 applies to those who pled guilty to manslaughter after being charged with murder and who would have been subject to prosecution for murder under a felony-murder theory, the natural and probable consequences doctrine, or any other theory of imputed malice." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.)

After appointing counsel upon the filing of a properly pleaded petition for resentencing, the superior court must conduct a prima facie analysis with briefing to determine the petitioner's eligibility for relief, and, if the requisite prima facie showing is made, issue an order to show cause.  (§ 1172.6, subd. (c); *People v. Wilson* (2023) 14 Cal.5th 839, 869.)

At the evidentiary hearing following issuance of an order to show cause, the superior court acts as an independent fact finder. (*People v. Hill* (2024) 100 Cal.App.5th 1055, 1065; *People v. Vargas* (2022) 84 Cal.App.5th 943, 951.)  The prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is guilty of murder or attempted murder under a theory of murder that remains valid after Senate Bill No. 1437's

6

amendments to the law of murder.  (§ 1172.6, subd. (d)(3); *People v. Strong* (2022) 13 Cal.5th 698, 709; *Vargas, supra,* at p. 951.)  The petitioner and the prosecutor may offer new or additional evidence (§ 1172.6, subd. (d)(3)), and on appeal, we review the superior court's factual findings for substantial evidence.  (*People v. Reyes* (2023) 14 Cal.5th 981, 988 (*Reyes*).)

Under this familiar standard, we examine the record " ' " 'in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " ' " (*Reyes, supra,* 14 Cal.5th at p. 988.)  We resolve whether " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.]  In so doing, [we] 'presume[] in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' " (*People v. Edwards* (2013) 57 Cal.4th 658, 715.)  Finally, we uphold the superior court's ruling " 'unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction.]" ' " (*People v. Thomas* (2023) 14 Cal.5th 327, 378.)

## B. Appellant forfeited any challenge to the admissibility of the probation report

Appellant contends the superior court erred in relying on inadmissible hearsay contained in the probation report to conclude she is ineligible for relief under section 1172.6 as the sole perpetrator and actual killer.  Appellant forfeited this claim by failing to raise any objection to the probation report below.  (Evid. Code, § 353, subd. (a) [no finding set aside or decision based thereon reversed for erroneous admission of evidence

7

unless "an objection to or a motion to exclude or to strike the evidence . . . was timely made and so stated as to make clear the specific ground of the objection or motion"].)

In its opposition to appellant's resentencing petition, the prosecution argued appellant is ineligible for relief under section 1172.6 because she was the actual killer and was charged as a principal who acted with malice aforethought. The probation report was included as an exhibit to the opposition. Appellant did not object to the admissibility of the probation report on any ground in her reply to the People's opposition or in argument to the court during the evidentiary hearing. Instead, appellant herself relied on the probation report to assert that she "did not act with malice aforethought," as shown by the facts recited in the report that she and the victim were arguing, and "during the argument, she acted thoughtlessly and stabbed the decedent." Appellant added, "If Ms. Scott had malice aforethought, she could have stayed at the scene and continued to stab the decedent. However, according to the pre-plea probation report, Ms. Scott left the scene."

"A defendant may not challenge the admissibility of evidence on appeal if he or she failed to raise a proper objection on those grounds in the trial court." (*People v. Myles* (2021) 69 Cal.App.5th 688, 696; *People v. Arnold* (2023) 93 Cal.App.5th 376, 391.) Appellant's failure to object to the probation report on any ground, while at the same time relying on the factual summary to argue her position, forfeited her challenge on appeal to the superior court's consideration of the probation report.

***C. Substantial evidence supports the superior court's determination that, as the sole perpetrator and actual killer, appellant is ineligible for section 1172.6 relief***

In any event, appellant cannot show prejudice from any evidentiary error because, as "the actual killer and the only participant in the killing," appellant is not entitled to relief under section 1172.6. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 233 (*Delgadillo*).) Appellant admitted that she stabbed the victim, and did not dispute the superior court's finding that she acted alone in doing so. These admissions constitute substantial evidence supporting the superior court's conclusion that appellant is guilty of voluntary manslaughter as the actual killer and sole participant, and is therefore ineligible for relief under section 1172.6.

Nevertheless, appellant argues that the evidence she submitted in support of her petition "shows that there is a question as to the cause of death . . . , making it reasonable to find that she may not be 'the actual killer.' " This argument fails because the issue of proximate cause in a lone perpetrator case is irrelevant to the analysis under section 1172.6. (See *People v. Carney* (2023) 14 Cal.5th 1130, 1147 [proximate cause relates to the actus reus of murder, and "does not implicate concerns regarding imputed mens rea and vicarious liability" under Sen. Bill No. 1437].)

Eligibility for relief under section 1172.6 requires a showing that "[t]he petitioner could not presently be convicted of murder or attempted murder *because of changes* to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3), italics added; see *People v. Curiel* (2023) 15 Cal.5th 433, 461

9

["The 'changes' described in section 1172.6, subdivision (a)(3) plainly refer to the substantive amendments to sections 188 and 189 that were enacted along with the resentencing provisions in Senate Bill 1437"].) Those changes prohibit imputing malice to an *accomplice* to a murder or manslaughter who was not the actual killer and did not act with the intent to kill. (*Delgadillo, supra,* 14 Cal.5th at p. 223; Stats. 2018, ch. 1015, § 1, subd. (f) ["It is necessary to amend . . . the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, [or] did not act with the intent to kill"].) The amendments have no bearing on murder or manslaughter liability for a direct perpetrator who acted alone. (*Delgadillo*, at p. 233 [petitioner who "was the actual killer and the only participant in the killing" "is not entitled to any relief under section 1172.6"]; *People v. Mares* (2024) 99 Cal.App.5th 1158, 1166–1167, review granted May 1, 2024, S284232.)

While Senate Bill No. 1437's amendments to sections 188 and 189 eliminated murder liability under the natural and probable consequences doctrine, these changes did not affect the law regarding proximate cause. (See generally *Reyes, supra,* 14 Cal.5th at p. 988 [" ' "To be considered the proximate cause of the victim's death, the defendant's act must have been a substantial factor contributing to the result, rather than insignificant or merely theoretical" ' "].) And because appellant's argument that her personal act of stabbing the victim was not the proximate cause of death "has nothing to do with the . . . legislative changes that gave rise to section 1172.6's petition process" (*People v. Burns* (2023) 95 Cal.App.5th 862, 865), she presents no basis for relief under section 1172.6 in this case.

## II. The 60-Day Trial Requirement in Section 1382 Does Not Apply to Resentencing Proceedings Under Section 1172.6

Appellant contends the superior court violated her right to a speedy trial under section 1382 by failing to conduct an evidentiary hearing under section 1172.6 in a timely manner. However, section 1382 has no application to section 1172.6 proceedings, and the claim lacks merit.

By prescribing "certain time periods within which an accused must be 'brought to trial,' " section 1382 implements an accused's constitutional right to a speedy trial. (*Burgos v. Superior Court* (2012) 206 Cal.App.4th 817, 825; *Rhinehart v. Municipal Court* (1984) 35 Cal.3d 772, 776 ["To implement an accused's constitutional right to a speedy trial, the Legislature enacted section 1382"].)

Specifically, section 1382, subdivision (a)(2), provides in relevant part that in the absence of good cause for delay, the court must dismiss a felony action when the "defendant is not brought to *trial* . . . after the filing of the remittitur in the trial court, or after the issuance of a writ or order which, in effect, *grants a new trial*, within 60 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney." (§ 1382, subd. (a)(2), italics added.) By its plain language then, section 1382 applies only when a defendant is not "brought to trial" or when "the cause is to be tried again." (§ 1382, subd. (a)(2).)

A section 1172.6 evidentiary hearing is not a "trial" within the meaning of section 1382, and the statute's requirement that a matter be tried within 60 days has no application to resentencing proceedings under section 1172.6. Even a remand for

11

resentencing does not implicate section 1382's time limits because such a proceeding does not involve a new trial or retrial of the case. (*People v. Domenzain* (1984) 161 Cal.App.3d 619, 621 ["the language, history, and context of section 1382 preclude its application to sentencing or resentencing delay"].) Moreover, "courts have uniformly held the sentence modification procedure under section 1172.6 to constitute an act of legislative lenity, not a new criminal prosecution. [Citations.] [¶] Resentencing under section 1172.6 is a completely voluntary process initiated by the petitioner, which cannot result in additional punishment. [Citation.] It therefore does not implicate double jeopardy concerns, and there is no Sixth Amendment right to a jury. [Citations.] Indeed, '[a] petitioner under section 1172.6 does not possess many of the constitutional rights afforded to a criminal defendant at trial.' " (*People v. Hill*, *supra*, 100 Cal.App.5th at pp. 1067–1068.)

Here, appellant's conviction has never been overturned. Rather, her case was remanded to the superior court for further proceedings in accordance with section 1172.6 in which no right to a new trial ever existed. Section 1382 plainly does not apply in these circumstances and no violation of the statute occurred.

## DISPOSITION

The order denying appellant's petition for resentencing under Penal Code section 1172.6 is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

CHAVEZ, J.